[No. 4349.    Decided September 18, 1902.]

THE STATE OF WASHINGTON on the *Relation of Dutch Miller Mining & Smelting Company* v. SUPERIOR COURT OF KITTITAS COUNTY.

|  |  |
|---|---|
| 30 | 43 |
| f31 | 299 |
| 31 | 569 |

APPEAL — STATEMENT OF FACTS — MATTERS INCLUDED.

The superior court cannot be compelled to certify a statement of facts covering that part of a case which occurred more than ninety days prior to the date of the filing of the statement, inasmuch as the utmost limit of time within which a statement can be filed is ninety days after the time begins to run within which an appeal may be taken.

SAME — REVIEW OF PRIOR ORDERS.

Although under Bal. Code, § 6500, subd. 7, all prior orders made in a cause are reviewable upon appeal from a final order made after judgment, the review is restricted to such prior orders as were made in the course of the particular proceeding leading up to the final order appealed from, and would not include other orders made in different proceedings in the same action; hence an order denying a motion to vacate a judgment would not be reviewable upon an appeal from a subsequent order denying a like motion for vacation and asking for a rehearing of the original motion.

*Original Application for Mandamus.*

*George D. Farwell*, for relator.

*Vance & Mitchell*, for respondent.

The opinion of the court was delivered by

MOUNT, J.—On November 9, 1901, one J. P. LaCaff brought an action in the superior court of Kittitas county against the Dutch Miller Mining & Smelting Company, and on January 2, 1902, the said court granted a default judgment against the defendant therein, as prayed for in the complaint.    On January 7th, following the entry of this judgment, defendant therein filed a motion, sup-

ported by affidavits, to vacate the judgment. This motion was regularly heard and denied by the court on January 16, 1902. On February 24, 1902, the defendant therein filed another motion, and affidavits in support thereof, to vacate and set aside the said judgment, and for a rehearing of the original motion. This motion was overruled on March 24, 1902, and on March 27th the defendant duly served its notice of appeal from each of the orders denying the said motions, and also from the final judgment in the original action, and thereafter perfected said appeal to this court. On June 10, 1902, the said defendant applied to the said superior court for an order extending the time within which to file and serve a proposed statement of facts. This motion was granted, and the time of defendant to file said proposed statement of facts was extended to June 20, 1902. On June 19, 1902, the proposed statement of facts was filed and served. No amendment was offered to this proposed statement of facts, and on July 1, 1902, the defendant applied to the judge of the said court to certify the proposed statement of facts, but said court refused to certify any statement of facts showing proceedings which occurred more than ninety days prior to June 19, 1902, the day the proposed statement of facts was filed. The court, however, was ready and willing to certify a statement of facts embodying all the matters and proceedings had or occurring in said cause at the time of the order denying the last motion, viz., March 24, 1902, and within ninety days prior to the filing of the proposed statement of facts. This is an application by the defendant in that case, as relator here, for a writ requiring the judge to certify the proposed statement of facts.

The question presented is, shall the lower court be compelled to settle and certify a statement of facts which covers the whole case from the beginning up to the order

denying the last motion to vacate the judgment? This court said, in *Zindorf Construction Co. v. Western American Co.,* 27 Wash. 31 (67 Pac. 374):

"The utmost limit of time within which a statement can be filed is ninety days after the time begins to run within which an appeal may be taken. If filed after thirty days, it must be done by authority of an order of the court extending the time; but such cannot be extended in any event beyond the ninety day period provided by statute."

See, also, *State v. Seaton,* 26 Wash. 305 (66 Pac. 397); *Wollin v. Smith,* 27 Wash. 349 (67 Pac. 561).

At the time the statement of facts was filed the time for filing a statement of facts upon which the judgment was based, and upon which the order denying the first motion to vacate was based, had long since expired. Clearly, therefore, under the rule announced in *Zindorf Construction Co. v. Western American Co., supra,* the relator had no right to file a statement of facts upon which the judgment of January 2d and the order of January 16, 1902, were based. While it is the duty of the lower court to certify a statement of facts filed within time, and while there is no limit provided within which this duty must be performed, yet where it appears in an application to compel the lower court to settle and certify a statement of facts that such statement has not been filed within time, and that this court, upon motion, would strike the statement for that reason from the record, the lower court will not be required to certify such statement, because it will not be required to do a useless act.

But it is argued by relator that the order overruling the last motion is an appealable order, and that by appealing from this order all prior orders, as well as the one made on March 24, 1902, must be reviewed, under subdivision 7 of § 6500, Bal. Code, which reads as follows:

"Any party aggrieved may appeal . . . From any final order made after judgment, which affects a substantial right; and an appeal from any such order shall also bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from, in case the record sent up on the appeal, or any supplementary record sent up before the hearing thereof, shall show such previous order sufficiently for the purposes of a review thereof. . . ."

In construing this provision this court, in *Sturgiss v. Dart*, 23 Wash. 244 (62 Pac. 858), said:

"The previous order referred to by the statute must, we think, be one made in the course of the particular proceeding leading up to the final order appealed from, and that it can have no reference to orders made in other and different proceedings which may be appealed from directly or indirectly by an appeal from the final judgment, although made in the same action."

We think the cases above referred to are conclusive of the question before us, and it is unnecessary to review the numerous cases cited in the briefs. It is no doubt true that the statement of facts should include the evidence heard at the time the motion was considered, and upon which the order was made, if filed within time; but it does not follow that the evidence heard upon other motions of the same character, or upon the trial, if there was one, shall also be included. It is admitted here that the court is ready and willing to settle and certify "a statement of facts embodying all the matters and proceedings had or occurring in such cause at the time of denying the amended and supplemental motion for a rehearing of the motion to set aside and vacate such judgment and default on the 24th day of March, 1902, and within ninety days prior to the filing of said statement of facts." This is all that is

necessary, and all that may be considered upon the appeal.

The writ is, therefore, denied.

REAVIS, C. J., and ANDERS, FULLERTON, HADLEY and WHITE, JJ., concur.