[No. 4342.   Decided March 18, 1903.]

EMMA N. LAMONA, *Appellant,* v. M. M. COWLEY *Administrator, et al., Respondents.*

APPEAL—STATEMENT OF FACTS—TIME OF FILING.

Where appeal is taken from a final judgment and also from an order denying a motion to vacate the same judgment, that portion of the statement of facts relating to the original judgment will be stricken from the record on appeal, when it was not filed within thirty days after the entry of such judgment, even if it was within thirty days from the entry of the order denying the motion to vacate.

WILL CONTEST—CONSTRUCTION OF COMPROMISE AGREEMENT.

Where a compromise of a will contest was entered into, whereby it was agreed that a certain daughter should have all the real estate standing in the name of deceased at the time of his death, "which said real estate is more particularly described in a quit-claim deed executed in conformity with this stipulation and agreement," such daughter is entitled to after discovered real estate in other counties, the record title to which was in the deceased at the time of his death, but which had not been described in the quit claim to her because unknown to both parties.

JUDGMENT—VACATION—GROUNDS—FINDINGS SIGNED IN ABSENCE OF ONE PARTY.

A motion to vacate a final judgment on the ground that the findings and conclusions were signed by the court in the absence of appellant's counsel was properly denied, where the findings and conclusions were served on appellant's attorneys before being presented to the court, and appellant was permitted to make exceptions to them, and was herself given an opportunity to submit findings and conclusions, which were denied.

Appeal from Superior Court, Spokane County.— Hon. GEORGE W. BELT, Judge.   Affirmed.

*Happy & Hindman,* for appellant.

*Merritt & Merritt* and *Eugene Miller,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—John Lamona died testate in Spokane county, on January 16, 1901, leaving a widow, Emma N. Lamona, the appellant; also a son and daughter by his first wife, and an adopted daughter. A contest was filed against the will and a compromise was agreed upon between the attorneys for the heirs and devisees of the estate. Subsequently this agreement was ratified by a contract which was substantially a copy of the agreement between the attorneys, signed by all the heirs and devisees of the estate. By this contract the property was to be divided among the heirs and devisees, and an administrator appointed to settle the estate, pay the debts and costs of administration, and distribute the property of the estate according to the terms of the agreement. This appeal is from the order of final distribution of the estate, and also from an order denying a motion to vacate the order of final distribution.

The order of final distribution was entered on April 23, 1902. Eight days thereafter the appellant filed a motion to vacate and set aside that order. On June 2, 1902, this motion was denied, and on June 5th the appellant gave notice of appeal from the order of final distribution, and also from the order denying the motion to vacate. Thereafter a bond on appeal was filed, perfecting the appeal. On June 19, 1902, a proposed statement of facts was filed in the cause. This proposed statement of facts contains the evidence taken on the hearing for final settlement of the estate, and also the affidavits filed at the hearing of the motion to vacate. The proposed statement, so far as it relates to the judgment of final distribution, was not filed until after the expiration of thirty days from the entry of the judgment, and no

extension of time within which to file the proposed statement was asked, or granted by the court. A motion is made here to strike the statement because it was not filed within time. Under the rule announced in *Sturgiss v. Dart,* 23 Wash. 244 (62 Pac. 858), and *State ex rel. Dutch Miller Mining & Smelting Co. v. Superior Court,* 30 Wash. 43 (70 Pac. 102), this motion must be sustained, and that part of the statement relating to the trial upon the hearing for final distribution must be stricken.

This leaves in the statement of facts only the affidavits used on the motion to vacate. Two questions are left in the record for our determination: (1) The construction of the contract under which the estate was distributed; and (2) whether the motion to vacate was properly denied. The contract under which the estate was distributed provides as follows:

"It is further stipulated and agreed that said heirs shall make, execute and deliver quitclaim deed or deeds conveying the real estate, and quitclaiming all their right, title and interest as heirs, devisees or otherwise in and to all real estate conveyed to said widow subsequent to her marriage with said John H. Lamona, deceased, and title to which said real estate now appears of record to be in said widow, which said real estate is more particularly described in the quitclaim deed executed in conformity with this stipulation and agreement, which said deed is executed contemporaneously herewith by said heirs and said widow. It is further stipulated and agreed that said widow and Perry W. Lamona and Belle L. Lamona, his wife, Winifred Fruit and Price Fruit, her husband, shall make, execute and deliver to Alma E. Lamona, a quitclaim deed or deeds conveying the real estate, and quitclaiming all right, title and interest as widow, heirs, devisees or otherwise in and to all real estate conveyed to said John H. Lamona, deceased, during his life time, title to which appears of record at the time of his death

to be in said John H. Lamona, which said real estate is
more particularly described in a quitclaim deed executed
in conformity with this stipulation and agreement, which
said deed is executed contemporaneously herewith by said
widow, said Perry W. Lamona, Belle L. Lamona, his
wife, Winifred Fruit and Price Fruit, her husband, to
said Alma Lamona."

Subsequent to the making of this agreement and the
execution of the deeds mentioned therein and to the ap-
pointment of an administrator of the estate, the title to
certain real estate in Adams county and other places was
discovered to be in the deceased at the time of his death;
but deceased prior to his death had entered into contracts
with persons who had agreed to purchase such real estate,
and payments had been made on these agreements. Upon
final settlement the question arose whether this property
was the property of Alma E. Lamona, under the contract,
or whether it was personal estate and should be divided
equally between Alma E. Lamona and the widow. The
lower court held that this property was real estate stand-
ing in the name of John H. Lamona, deceased, at the
time of his death, and therefore was the property of
Alma E. Lamona, and was distributed accordingly. The
contract clearly provides that the widow shall have *"all
real estate conveyed to said widow subsequent to her mar-
riage with said John H. Lamona, deceased, and title to,
which said real estate now appears of record in said
widow,"* and that Alma E. Lamona shall have *all the real
estate standing in the name of deceased at the time of his
death.* But appellant argues that, because of the provis-
ion "which said real estate is more particularly described
in a quitclaim deed executed in conformity with this
stipulation and agreement," and because the real estate in
question was not described therein, it was not intended to

be included. There is much force in this argument. But when the stipulation of the attorneys as a basis of the contract is considered in connection with other clauses of the contract, it seems clear that it was not intended that the property described in the deeds executed at the time of the contract should be exclusive of other real estate which might thereafter be discovered. The stipulation of the attorneys upon which the contract was based provides:

"It is further agreed that said Emma N. Lamona [the widow and appellant here], Perry W. Lamona and wife, Price Fruit and wife, shall make, execute and deliver to Alma E. Lamona quit-claim deeds releasing and conveying to her all their right, title and interest as heirs, devisees or otherwise, in and to all real estate conveyed to the said John H. Lamona, subsequent to his marriage to the said Emma N. Lamona or prior thereto, title to which real estate appeared of record at the time of his death to be in said John H. Lamona."

The contract under consideration also provides:

"It is further stipulated and agreed that the parties hereto shall execute and deliver any instrument in writing which may now be, or which shall become, necessary to carry into effect the provisions in this stipulation and agreement, and that said parties hereto shall consent to the making of any order, judgment or decree of said above named court, which may be necessary or requisite to carry into effect and complete each and all, several and singular, the provisions contained herein."

The evident purpose of this paragraph, taken in connection with the stipulation of the attorneys upon which the contract was based, and in connection with the clauses from the contract above quoted, was to provide for property which was unknown or had been overlooked, or which might be discovered subsequent to the making of the

contract.   We think the lower court properly construed the contract, and made proper distribution of the property under the terms thereof.

The motion to vacate the final judgment was made upon two grounds:   (1) That the findings of fact and conclusions of law were signed by the court in the absence of appellant's counsel, without an opportunity to be present or to save exceptions to such findings; (2) that the attorney's fee allowed by the court was excessive.   The record shows that the findings of fact and conclusions of law were served on appellant's attorneys before they were presented to the court to be signed, and also that appellant was subsequently permitted to submit findings and conclusions, which were denied, and was also allowed to make exceptions to the findings and conclusions theretofore signed by the court, and also to those refused by the court.   If the judgment had been vacated for these purposes, appellant could not have had more in this respect than was given by the court.   There is nothing in the record to show that the attorney's fee allowed by the court was excessive.

For these reasons, the judgment and order appealed from are affirmed.

FULLERTON, C. J., and ANDERS and DUNBAR, JJ., concur.