[No. 5023.   Decided July 19, 1904.]

ELIZA DODDS *et al.,* *Respondents,* v. THOMAS GRAVES GREGSON, *Appellant.*[1]

APPEAL—STATEMENT OF FACTS—TIME FOR FILING—EXTENSION. The time for filing a statement of facts may be extended by stipulation of the parties without any order of court, under Bal. Code, § 5062.

SAME—TIME FOR CERTIFYING STATEMENT OF FACTS.   Bal. Code, § 5058, providing that there shall be no extension of time for filing a statement of facts beyond ninety days, limits the time for filing only, and not the time for its settlement by the court, for which no limit is prescribed.

SAME—NOTICE OF SETTLEMENT—SUFFICIENCY—APPEARANCE.   A statement of facts will not be struck out for failure to give notice of the time of settlement of proposed amendments, where notice was once duly given, continuances taken, and later when both parties were in court the time was set for two days thereafter without objection on account of want of notice, and respondents' counsel appeared at the hearing, and many of his amendments were adopted.

APPEAL — DISMISSAL — RECOGNIZING VALIDITY OF JUDGMENT — PAYMENT WHEN NOT VOLUNTARY.   An appeal will not be dismissed on the ground that the appellant recognized the validity of the judgment by making a partial payment, where it appears that, there being no supersedeas, the respondents issued garnishment proceedings under the judgment, and the payment was made thereunder, after a contest, since the same was not voluntary.

PLEADINGS—DEPARTURE—CONSISTENCY OF COMPLAINT AND REPLY.   Where a complaint alleges that a note for $400 belonging to the plaintiff came into the defendant's possession through his employment as the plaintiff's attorney, and alleges its conversion, and the answer sets up the defense that it was given to him in payment for his services, a reply admitting the allegations of the answer but averring that afterwards the defendant received other pay for his services and agreed to return the note, which he failed to do, is not inconsistent with the complaint, and a motion for judgment on the pleadings and an objection to any evidence on that account are properly overruled.

[1]Reported in 77 Pac. 791.

APPEAL—TRIAL—INSTRUCTIONS—EXCEPTIONS. Error cannot be predicated upon instructions where no exceptions thereto were taken.

APPEAL—REVIEW—VERDICT ON CONFLICTING EVIDENCE. The verdict of a jury upon conflicting testimony will not be disturbed on appeal.

ATTORNEY AND CLIENT—ACTION FOR SERVICES—EVIDENCE—RELEVANCY OF IMPROPER CONDUCT IN SECURING ADMISSION TO PRACTICE. In an action against an attorney for the alleged conversion of money and notes belonging to his client, in which it is alleged and admitted that he is duly admitted to practice in this state, it is prejudicial error to permit cross-examination suggesting that he had resorted to bribery in order to obtain his admission, since it is immaterial and irrelevant and would have the effect of arousing the passions of the jury.

SAME—EVIDENCE—OBJECTION—SUFFICIENCY. Where such cross-examination is objected to in the beginning and the court rules the same pertinent, further objection might increase the prejudice of the jury, and is not essential to secure a review of the ruling on appeal.

Appeal from a judgment of the superior court for King county, Bell, J., entered June 16, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action for conversion. Reversed.

*Ballinger, Ronald & Battle,* for appellant.

*James A. Snoddy,* for respondents.

HADLEY, J.—Respondents, being husband and wife, brought this suit as plaintiffs against appellant as defendant. They allege, that the defendant is an attorney at law and a member of the bar of Washington; that the wife plaintiff employed defendant, as such attorney, to collect for her a sum of $165, due to her upon a note and mortgage from one Meyer; that he collected thereon $175 principal and interest, and $15 as attorney's fees, but has refused to pay the same to said plaintiff, and has converted it to his own use. It is further alleged that, while defendant was employed by the wife plaintiff as the latter's attorney in an

action to procure a divorce for her from her said husband, a certain note and mortgage for $400, belonging to said wife, came into the possession of the defendant by and through his said employment, and which he promised to return to said wife; that he sold said note for the sum of $200, and converted the proceeds to his own use. Judgment is demanded for $375.

The answer first denies the material allegations of the complaint, and then affirmatively avers, that said wife employed defendant to institute for her an action for divorce from her said husband, and for the recovery of alimony, which suit was brought by him; that said wife agreed to pay defendant, as a fee for his services, one-third of the amount of money and property which should be allowed by the court as alimony, or, in the event of a settlement in any manner, such sum was to be paid as attorney's fees; that, pending the action, the settlement of the claim for alimony was effected through defendant's efforts, the settlement being in the sum of $2,000, to be paid by the husband to the wife; that, under the agreement as to attorney's fees, defendant was entitled to $665 of said sum; that in part payment thereof said wife transferred to him the $165 note and mortgage mentioned in the complaint, and that in further payment she also transferred to him the other note and mortgage, named in the complaint, in the sum of $400, which note had been given by the husband to the wife as a part of the $2,000 settlement; that the said notes and mortgages thereby became the absolute property of defendant; that thereafter said wife delivered back to the husband a $1,600 note received by her in said settlement, and that she—claiming that the husband had perpetrated a fraud upon her by procuring the surrender of said note—again employed defendant to take the necessary steps to protect her rights, and to effect a settlement with the husband;

that, for the services to be so rendered, she agreed to pay defendant one-fourth of the amount of the property and money that should be thereafter realized from any settlement, which one-fourth should be in addition to the sums hereinbefore alleged as paid for services up to and including the first settlement; that an adjustment of the alleged fraud was afterwards effected through the efforts of defendant, by which the husband executed and delivered to the wife a note for the sum of $2,250, and agreed to execute to her an additional note for $750; but that, by direction of the wife, the latter note was made directly to defendant in payment of his fees, the new settlement being for $3,000 and the last named note representing one-fourth thereof, the alleged agreed amount of the attorney's fees for the later services.

The reply denies that defendant was entitled to receive $665 as fees under the first settlement, but avers that he agreed to accept, and did accept, said $400 note and mortgage in full for all services rendered. It is denied that the Meyer note of $165 was transferred to the defendant as a part payment on attorney's fees. It is further averred, in reply, that the agreement as to fees the second time was not for one-fourth of what should be thereafter recovered, in addition to what had been theretofore paid, but that said $750 note should be in full for all services rendered from the beginning of the entire employment, and that defendant then agreed to surrender and return the said $400 note. Upon issues in effect as above stated, the cause was tried before the court and a jury, and a verdict was returned for the plaintiffs in the action in the sum of $375 and interest. Motion for new trial having been denied, judgment was entered for the amount of the verdict, and the defendant has appealed.

Respondents move to strike the statement of facts and to dismiss the appeal. The motion to strike the statement is based upon several grounds. The first ground stated is that the proposed statement was not filed within the time allowed by law after judgment, and that no order granting an extension of time was ever made by the court. It is true the proposed statement was not filed within thirty days after judgment, but there is in the record a written stipulation, signed by counsel representing the respective parties, whereby it was agreed that the time should be extended "for an additional thirty days after the expiration of the first thirty days after the time begins to run within which an appeal may be taken from the judgment rendered in this cause; that is, until the 16th day of August, 1903." The proposed statement was filed August 15, 1903, which was clearly within the extended time under the stipulation.

Respondents' counsel, however, argues that an order of court was absolutely necessary to effect an extension of time, and cites the following decisions of this court: *Zindorf Construction Co. v. Western Amer. Co.,* 27 Wash. 31, 67 Pac. 374; *Wollin v. Smith,* 27 Wash. 349, 67 Pac. 561; *Crowley v. McDonough,* 30 Wash. 57, 70 Pac. 261; *Lamona v. Cowley,* 31 Wash. 297, 71 Pac. 1040. It is true expressions are used in those opinions to the effect that an order of court is necessary, but there was no stipulation involved in any of those cases, and the remarks of the court were intended to apply to such conditions as were then under consideration. The extension by the stipulation is authorized by § 5062, Bal. Code, wherein it is provided that the time may be enlarged either before or after the expiration of thirty days "by stipulation of the parties, or for good cause shown and on such terms as may be just, by an order of the court or judge," etc. Thus the extension may

be made either by stipulation or by order of court, and when by stipulation, no order is necessary.

The second ground urged for striking the statement is that it was not presented and settled by the court within the time required by law. It is counsel's position that it must, in any event, be settled within ninety days, the period within which it may be filed under extension. Counsel cites *Loos v. Rondema,* 10 Wash. 164, 38 Pac. 1012, and *McQuesten v. Morrill,* 12 Wash. 335, 41 Pac. 56. Again, expressions are used in those opinions which, at first glance, seem to treat both the filing and settlement of a statement of facts as being governed by the fixed time. It is manifest, however, that the real subject under discussion was the time for filing. That time is fixed by statute, but no such limit is fixed for the settlement under the terms of § 5058, Bal. Code.

The third point alleged on the motion to strike the statement is that the settlement was made without notice, the respondents having filed proposed amendments. The record shows that notice was once regularly given, and several continuances were thereafter noted on the journal for definite times, and it was then continued indefinitely. Later, counsel for both parties were in court when appellant's counsel asked the court to set a time for settlement. Respondents' counsel simply objected, but stated no reason to the court other than that he wished to raise the point that the settlement could not be made after ninety days. The court set the hearing for two days thereafter. The point was not made that the objection was for want of sufficient notice, and the record shows that, at the time of the settlement, respondents' counsel appeared, and that many of the proposed amendments were allowed. Under such circumstances the court was authorized to settle the statement, and the motion to strike it is denied.

The motion to dismiss the appeal is based upon the contention that, since the appeal was taken, appellant has made a payment upon the judgment, and thereby acknowledged its validity. The facts as shown by the record are as follows: No supersedeas bond was filed by appellant, and respondents proceeded, by authority of the judgment, to garnish a debtor of appellant. The answer of the garnishee was controverted by appellant in part, and he also claimed that $19.88 in the garnishee's hands was exempt. A hearing was had, and judgment entered to the effect that the $19.88 was all that the garnishee held as the property of appellant, that the same was not exempt, and should be paid to respondents. This was not a voluntary payment upon the judgment which amounted to an acknowledgment of its validity. Some effort is made by way of affidavits to show that appellant voluntarily consented to the garnishment judgment, but the record of the garnishment proceedings shows a contest and a judgment thereon, with no consent of appellant appearing. The motion to dismiss the appeal is denied.

Appellant assigns that the court erred in not granting his motion for judgment on the pleadings, for the reason, as alleged, that the reply admits the correctness of the affirmative defense, and that the complaint and reply, taken together, show that respondents had no cause of action. Objection was also made to the introduction of any evidence for the same reason. It will be remembered that the complaint avers that the $400 note and mortgage came into appellant's possession by and through his employment as attorney for this wife respondent. The answer avers that it was turned over to him in payment of attorney's fees. The reply admits that it was first so turned over to him, but alleges that, by subsequent agree-

ment, appellant accepted another $750 note in payment of all fees, and then agreed to turn back the $400 note to the wife respondent. We do not think the reply is inconsistent with the complaint. The reply still makes it clear, on respondents' theory, that the note did not belong to appellant when he sold it, but did belong to the wife respondent. It still remains true, even under the reply, that the note belonging to said respondent came into appellant's possession in the course of the latter's employment as her attorney. The court did not err in denying the motion for judgment upon the pleadings, and in overruling the objection to the introduction of any evidence.

Errors are assigned upon the court's instructions. One instruction with reference to the burden of proof is criticised, but no exception to it is disclosed by the record, and we shall therefore not discuss it. We think the other instructions discussed by counsel were not erroneous under the issues and testimony, and we believe it is unnecessary to extend this opinion as would be required for their discussion.

There was conflict in the testimony, and it is argued that neither the general nor special verdict returned was supported by the evidence. We have read all the evidence. It is much in conflict, but it was for the jury to pass upon the conflicting testimony, and upon that ground we find no reason to disturb the verdict. There is, however, another assignment of error which we regard as serious. The record discloses the following in the cross-examination of appellant:

"Q. How long have you been a member of the bar? Mr. Battle: Don't make any difference. They have alleged he is, and it is admitted. The Court: Objection overruled. A. I have been a member of the bar for four years, this and the Oregon bar. Q. You were admitted

to the bar of this state upon examination, or upon certificate from some other state? A. I was admitted to the bar of this state on a certificate from the supreme court of Oregon. Q. Did you bring in those certificates? A. I have got them. Q. Will you produce them? A. Certainly. Q. What is the date of the original certificate? A. 25th of September, in the year of our Lord, 1899. Q. What is the date of the Washington certificate? A. 27th day of March, A. D. 1901. Q. Were you admitted to the supreme court of the state of Oregon on examination? A. Yes. Q. In open court? A. In open court, by the full bench. Q. By the full bench? A. Yes, sir; as my certificate states. Q. Were you there? A. Oh, yes. Q. Are you acquainted with the firm of Joseph, Slager & Watson of Portland? A. I am. Q. Did you make them a note of $750 payable on condition that you get admitted to the supreme court of the state of Oregon? A. No. Q. Hasn't one been in Seattle for collection in the last year for collection? A. No. Do you mean to tell me that I could bribe the supreme court of Oregon? You have no more respect for American courts? Q. I am talking about Joseph, Slager & Company. Did you give Joseph, Slager & Company a note? A. No, sir. Q. Endorsed on the back in your own handwriting that it should be payable when you got admission to the supreme court of Oregon? A. I never gave a note for any such purpose, nor yet have I ever had a note presented to me. Q. There was no such a note as that presented to you for payment in the last year? A. At no time. Q. Did Joseph, Slager & Watson procure your admission to the bar? A. No sir. Q. You didn't give any note in connection with your admission? A. Oh, no sir; not at all."

It is urged that appellant was highly prejudiced by the foregoing examination. We think it must be so held. That he was a member of the bar of this state was a fact alleged by respondents in their complaint, and admitted by the answer. It was therefore wholly immaterial

how long he had been such a member, or what circumstances had attended his admission to the bar. If any irregularity attended his admission to the bar, corrupt or otherwise, that was not a matter for investigation in this case, and it was not for the jury to try. The whole of the above cross-examination was immaterial and irrelevant, and its natural effect must have been to arouse the passions of the jury against appellant. His acts as an attorney were under examination, and this sensational and purely collateral matter must have been highly inflammatory and prejudicial. It is suggested that the examination proceeded without objection. Appellant did, however, object in the beginning to any examination touching his membership of the bar, for the reason that it was an admitted fact. The objection was overruled and the examination proceeded. Appellant was placed in a peculiar position. The court having once ruled that the examination was pertinent, further objection to it might have had the effect to increase the jury's prejudice by lodging in their minds the belief that he was endeavoring to prevent a disclosure of the truth. We think the examination was erroneously permitted.

The judgment is reversed, and the cause remanded with instructions to the lower court to grant a new trial.

FULLERTON, C. J., and MOUNT, ANDERS, and DUNBAR, JJ., concur.