JULIO GÁNDARA ET AL., Plaintiffs and Appellants, *v.* MANUEL GÁNDARA CARTAGENA ET AL., Defendants and Appellees.

No. 6814. Argued May 2, 1935.—Decided May 8, 1936.

*C. Coll Cuchí, C. Coll Cuchí, Jr., Luciano Colón,* and *Guillermo Silva* for appellants. *Fernando Zapater* and *R. Cintrón Lastra* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In a filiation suit, plaintiffs and defendants entered into a compromise and settlement of a second cause of action for the recovery of an inheritance. Later, plaintiffs brought the present action for the recovery of their proportionate shares in a certain property which they alleged defendants in the filiation suit had maliciously and in bad faith excluded from the offer of compromise. Plaintiffs also alleged that they had subsequently discovered this property.

The district judge sustained a demurrer to an amended complaint for want of facts sufficient to constitute a cause of action, because plaintiffs had not set forth in full the offer of compromise and because the property described in the judgment set forth in full in the complaint did not, on the face of that judgment, purport to be all of the property belonging to the estate. Plaintiffs in another amended complaint set forth in full the offer of compromise which contained a clause reading in part as follows:

"3.—That the following are all of the properties constituting the estate of Generoso Gándara y Morales at his death:      .      .      ."

Another district judge sustained a motion to strike this amended complaint on the ground that it was substantially the same as the one previously held to be insufficient. He then dismissed the action because it did not appear that the complaint could be further amended so as to state a cause of action. Obviously the foregoing extract from the third clause of the offer of compromise was enough to meet the objection of the district judge who sustained the demurrer to the previous complaint that the same failed to show that the compromise and settlement had been effected upon an understanding that all of the property belonging to the estate had been described in the offer of compromise. The district judge who dismissed the action did not suggest any other ground of demurrer. The brief for appellants does not go beyond this. What we have said practically disposes of the present appeal. As pointed out by appellees in their brief, however, plaintiffs herein, by the terms of the compromise agreement, accepted a certain amount of money or property in full payment and satisfaction of all their hereditary rights in the estate of Generoso Gándara. We may refer briefly to some of the questions involved in this acceptance but not discussed by appellees.

Sections 1032, 1714, and 1715 of the Civil Code (1930 ed.) read as follows:

"Section 1032. The omission of one or more objects or securities of the inheritance does not give rise to the rescission of the division by reason of lesion, but only to complete or increase the estate with the objects or securities omitted.

"Section 1714. A compromise shall only include the objects specifically determined therein or which from a necessary inference from its words must be considered as included therein.

"A general renunciation of rights shall be understood as including only those relating to the question with regard to which the compromise has been made.

"Section 1715. A compromise has, with regard to the parties, the same authority as *res adjudicata;* but summary proceedings shall not be proper except when the fulfillment of a judicial compromise is in question."

The prayer of the latest amended complaint was for the inclusion of the newly discovered property in the inventory of assets and for a distribution of such property in the same manner as the property included in the offer of compromise **had been distributed.**

The compromise agreement, to the extent that it can be regarded as *res judicata,* is, of course, not open to collateral attack. The complaint is not a direct attack on the compromise agreement. As a collateral attack it can not prosper. On the other hand, it could be easily amended so as to convert it into a direct attack. Perhaps a substituted prayer for different relief would suffice.

The theory of a collateral attack, presupposes: first, a renouncement or waiver by plaintiffs of all their rights, title, and interest in all of the property left by Generoso Gándara, and, second, an indirect repudiation or attempted avoidance of the acceptance above mentioned. This acceptance, however, should be construed in the light of the context and especially in the light of the third clause of the offer of compromise which plaintiffs now allege was a fraudulent misrepresentation on the part of defendants. The complaint seems to be based on sections 1032 and 1714 of the Civil Code. If the facts stated in the complaint bring the entire case

within the provisions of section 1714, then section 1715 is inapplicable as far as the property excluded from the compromise is concerned and as to that property the compromise agreement is not *res judicata*. If the compromise agreement is not *res judicata* as to the property so excluded, there is no need of a direct attack on the compromise agreement and no question of collateral attack. It may well be argued that, since the property described in the offer of compromise was represented by defendants in the filiation suit to include all of the property left by Generoso·Gándara, the estate referred to in the acceptance should be construed to mean the property described in the offer of acceptance and none other. In other words, if this argument be sound, when plaintiffs accepted certain money or property in full payment and satisfaction of all their hereditary rights in the estate of Generoso Gándara, the acceptance of such money · or property was in full payment and satisfaction of all their hereditary rights in the property described in the offer of compromise but in no other property belonging to the estate and not included in the offer of compromise. This, indeed, seems to be the theory of the present action as indicated by plaintiffs' description thereof as ''an action for the recovery of money'' and as further indicated by the prayer of the complaint.

In any event, the complaint could be readily amended, if necessary so as to bring it within the letter as well as within the spirit of the well known rule laid down in 12 C. J. 357, section 58, as follows:

''One injured by a fraudulent compromise may, instead of restoring the benefit received and suing at law or in equity to rescind and for equitable relief, retain what he has received and sue whoever may be liable for the consequences of the deceit, by which the compromise was obtained, and recover· whatever damages resulted therefrom.''

See also *Forteza & Co.* v. *Colón,* 35 P.R.R. 269; and *Nimey* v. *Nimey,* 45 Pac. (2d)· 949.

In the *Nimey* case the Supreme Court of Washington said:

"While the general rule requires restoration before the settlement can be attacked, there is an exception to that rule. One injured by fraudulent compromise may, instead of restoring the benefit received, retain what he has received and sue for whatever damages he has sustained as the result of the deceit by which the compromise was obtained, or, if he rescinds the transaction on the ground of fraud, he is not required to restore that which in any event he would be entitled to retain. 12 C. J. 357; 1 R.C.L. 201; *Heinrich* v. *Heinrich,* 2 Cal. App. 479, 84 Pac. 326."

Se also: 12 C. J. 341, sec. 36; *Lamona* v. *Cowley,* 71 Pac. 1040; *Huffman* v. *Cauble,* 86 Ind. 591; *Pitts* v. *National Independent Fisheries Co.,* 206 Pac. 571; *Smith* v. *Cherokee Fertilizer Co.,* 100 S. E. 719; *In re Pfenninger's Estate,* 160 N. W. 487.

None of the questions above suggested appear to have been specifically raised in the district court or to have been directly decided by it. They are questions which should be decided in the first instance by the district court after proper investigation and development by counsel. We need not, without the aid of counsel, pursue the inquiry further at this time.

The judgment appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Travieso took no part in the decision of this case.