JULIO, ANTONIA y LUZ MARÍA GÁNDARA, demandantes y apelantes, *v.* MANUEL GÁNDARA Y CARTAGENA, ET ALS., demandados y apelados.

No. 6814.—*Sometido:* Mayo 2, 1935. *Resuelto:* Mayo 8, 1936.

*C. Coll Cuchí, C. Coll Cuchí, Jr., Luciano Colón y Guillermo Silva,* abogados de los apelantes; *Fernando Zapater* y *R. Cintrón Lastra,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En un pleito de filiación, demandantes y demandados entraron en una transacción y compromiso sobre la segunda causa de acción relativa al cobro de una herencia. Luego los demandantes instituyeron el presente litigio para recobrar su parte proporcional en cierta propiedad que ellos alegaban los demandados en el pleito de filiación habían excluído de mala fe y maliciosamente de la oferta de transacción. Los demandantes también alegaban que posteriormente habían descubierto esta propiedad.

El juez de distrito sostuvo una excepción previa de falta de hechos suficientes para determinar una causa de acción presentada contra la demanda enmendada, porque los demandantes no habían expuesto en su totalidad la oferta de transacción y además porque los bienes descritos en la sentencia copiada íntegramente en la demanda, no demostraban en la faz de la sentencia ser toda la propiedad perteneciente a la sucesión. Los demandantes en otra demanda enmendada

adujeron íntegramente la oferta de transacción, que contenía una cláusula que en parte lee como sigue:

"3. Que todos los bienes relictos al fallecimiento de Don Generoso (*sic*) Gándara y Morales son los siguientes: . . . ."

Otro juez de distrito sostuvo una moción para eliminar esta demanda enmendada fundándose en que ella era substancialmente igual a la que antes había sido declarada insuficiente. Entonces declaró sin lugar la demanda, por no desprenderse que ésta pudiera nuevamente enmendarse en forma tal que adujera una causa de acción. Evidentemente el extracto anterior que hemos hecho de la tercera cláusula de la oferta de transacción bastaba para hacer frente a la objeción del juez de distrito que declaró con lugar la excepción previa a la demanda anterior, al efecto de que la misma dejaba de demostrar que la transacción y compromiso se habían efectuado con el entendido de que todos los bienes pertenecientes a la sucesión se habían descrito en la oferta de transacción. El juez de distrito que desestimó el recurso no sugirió ningún otro motivo de excepción. El alegato de los apelantes no va más allá de esto. Lo que hemos dicho prácticamente decide el presente recurso. Sin embargo, conforme indican los apelados en sus alegatos, los aquí demandantes, en armonía con los términos del contrato de transacción, aceptaron cierta suma en dinero o bienes, en pago total y completa transacción de todos los derechos hereditarios en la herencia de Generoso Gándara. Nos referiremos ligeramente a algunas de las cuestiones envueltas en esta aceptación, no discutidas por los apelados.

Los artículos 1032, 1714 y 1715 del Código Civil (edición de 1930) leen así:

"Artículo 1032.—La omisión de alguno o algunos objetos o valores de la herencia no da lugar a que se rescinda la partición por lesión, sino a que se complete o adicione con los objetos o valores omitidos.

"Artículo 1714.—La transacción no comprende sino los objetos expresados determinadamente en ella, o que, por una inducción necesaria de sus palabras, deban reputarse comprendidos en la misma.

"La renuncia general de derechos se entiende sólo de los que tienen relación con la disputa sobre que ha recaído la transacción.

"Artículo 1715.—La transacción tiene para las partes la autoridad de la cosa juzgada; pero no procederá la vía de apremio sino tratándose del cumplimiento de la transacción judicial."

La súplica de la última demanda enmendada pedía que se incluyeran en el inventario del activo los bienes que acababan de ser descubiertos, y que los mismos fueran distribuídos en la misma forma que las propiedades incluídas en la oferta de transacción.

El contrato de transacción en tanto en cuanto puede ser considerado como *res judicata,* no está, desde luego, sujeto a un ataque colateral. La demanda no es un ataque directo al contrato de transacción. Como ataque colateral no puede prosperar. Por otra parte, fácilmente podía ser enmendada para convertirla en un ataque directo. Quizá, bastaría una súplica sustituta pidiendo un remedio distinto.

La teoría de un ataque colateral presupone: primero, la renuncia expresa o implícita por los demandantes de todos sus derechos, títulos e intereses en todos los bienes dejados por Generoso Gándara, y, segundo, la repudiación indirecta o la tentativa de anular la aceptación arriba mencionada. Empero, esta aceptación debe ser interpretada a la luz del contexto y especialmente a la luz de la tercera cláusula de la oferta de transacción, que los demandantes ahora alegan fué una falsa representación por parte de los demandados. La demanda parece fundarse en los artículos 1032 y 1714 del Código Civil. Si los hechos aducidos en la demanda hacen caer todo el caso dentro de las disposiciones del artículo 1714, entonces el artículo 1715 es inaplicable en lo que a la propiedad excluída de la transacción se refiere, y en cuanto a esa propiedad el contrato de transacción no es *res judicata.* Si el contrato de transacción no es *res judicata* en lo que a los

bienes así excluídos se refiere, entonces no hay necesidad de hacer un ataque directo al contrato de transacción ni cuestión alguna de ataque colateral. Muy bien podría argüirse que, toda vez que los demandados en el pleito de filiación hicieron constar que los bienes descritos en la oferta de transacción incluían todos los dejados por Generoso Gándara, la herencia mencionada en la aceptación debe interpretarse en el sentido de que significa los bienes dejados en la oferta de aceptación y no otros. En otras palabras, si esta argumentación es correcta, cuando los demandantes aceptaron cierto dinero o bienes en pago total y completa transacción de todos sus derechos hereditarios en la herencia de Generoso Gándara, la aceptación de tal dinero o bienes fué en pago total y completa transacción de sus derechos hereditarios en los bienes descritos en la oferta de transacción, mas no en otros bienes pertenecientes a la sucesión, no incluídos en la oferta de transacción. Ésta parece ser en verdad la teoría del presente litigio, conforme indican los demandantes al describirlo como uno en cobro de dinero, y según indica además la súplica de la demanda.

De todos modos, de ser necesario, la demanda podía ser fácilmente enmendada a fin de hacerla caer dentro de la letra y del espíritu de la bien conocida regla establecida en 12 Corpus Juris 357, sec. 58, como sigue:

"La persona perjudicada por una transacción fraudulenta puede, en vez de devolver los beneficios recibidos y solicitar en derecho o equidad la rescisión del contrato y que se le conceda un remedio en equidad, retener lo que ha recibido y demandar a quienquiera sea responsable de las consecuencias del engaño que dió lugar a la transacción, y recobrar los daños y perjuicios resultantes."

Véase también *Forteza & Cía.* v. *Colón*, 35 D.P.R. 293 y *Nimey* v. *Nimey*, 45 P. (2d) 949.

En el caso de Nimey la Corte Suprema de Washington dijo:

"Aunque la regla general exige que se haga una devolución antes que la transacción pueda ser atacada, existe una excepción a la regla.

La persona perjudicada por una transacción fraudulenta puede, en vez de devolver los beneficios recibidos, retener lo que ha recibido y solicitar indemnización por los daños y perjuicios por ella sufridos como resultado del engaño que dió lugar a la transacción, o, si rescinde la transacción a base de fraude, no se le exige que devuelva aquello que de todos modos tendría derecho a retener. 12 C. J. 357; 1 R. C. L. 201; Heinrich v. Heinrich, 2 Cal. App. 479, 84 Pac. 326.''

Véase también: 12 C. J. 341, sec. 36; *Lamona* v. *Cowley*, 71 Pac. 1040; *Huffman* v. *Cauble*, 86 Ind. 591; *Pitts* v. *National Independent Fisheries Co.*, 206 Pac. 571; *Smith* v. *Cherokee Fertilizer Co.*, 100 S. E. 719; *In re Pfenninger's Estate*, 160 N. W. 487.

Ninguna de las cuestiones arriba sugeridas parece haber sido planteada específicamente en la corte de distrito o directamente resuelta por nosotros. Ellas son cuestiones que deben ser decididas en primera instancia por la corte de distrito después de ser debidamente investigadas y desarrolladas por los letrados. No es necesario que, sin la ayuda de los letrados, llevemos por ahora la investigación más lejos.

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Travieso no intervino.