# PRACTICE REPORTS.

## SUPREME COURT.

### ALBERT E. MILLER agt. MARY E MILLER.

Motion papers to set aside a judgment of divorce granted by default, and for leave to the defendant to come in and defend, are properly served on the *attorneys for the plaintiff* in the judgment, although made nearly two years after the entry of judgment, and after the attorneys for the plaintiff had settled with their client, and they themselves had dissolved partnership.

*Jefferson Special Term, November, 1867.*

B. F. CHAPMAN, *for defendant,*

Moved to set aside the judgment for divorce in this case, and for leave to serve an answer and defend the action.

It appeared by the judgment roll, and affidavits, that on the 24th November, 1865, the plaintiff obtained a judgment of divorce against the defendant by default. Service of the summons was made by publication, and at the time of service the defendant was acting as a surgeon in the army of the United States. She had no knowledge of the proceedings or judgment until in August, 1866, while on her way to Europe, she casually heard of it.

On her return home in September, 1867, she immediately made, and had prepared the necessary papers for a motion to open her default and allow her to come in and defend the action.

The motion papers were served upon the plaintiff's attorneys who had procured the judgment of divorce.

D. M. K. JOHNSON, *one of plaintiffs attorneys,*

On whom the motion papers were served appears on the motion, for the sole purpose of objecting to the sufficiency of the service, showing by affidavits of himself and his former law partner, that immediately after the decree was obtained, they had settled with the plaintiff and ceased to be his attorneys; also, that the plaintiff's attorneys had dissolved partnership before the motion papers were served; also, that the plaintiff had married again since he had obtained said decree.

B. F. CHAPMAN, *in reply,*

Insisted, that when a judgment is sought to be set aside, so as to interpose a defense on the merits, the attorney who obtained the judgment, is the proper person on whom the papers should be served. (*Citing, Drury* agt. *Russell,* 27 *How. Pr. R.,* 130; *also, Lusk* agt. *Hastings,* 1 *Hill R.,* 662.)

MULLIN, J. The plaintiff in November 1865, obtained a judgment of divorce from the defendant, his wife, by default, by reason of her adulterous intercourse with other men. Service was made by publication, and at the time of the service, the defendant was acting as a surgeon in the army of the United States.

She now moves to set aside the judgment, and for leave to come in and defend, and has served the papers for the motion on the attorneys of the plaintiff, by whom the action for the divorce was obtained.

The attorney thus served appears on the motion, solely for the purpose of objecting to the sufficiency of the service. If, therefore, the service is sufficient, the motion is not opposed, and the defendant is entitled to the relief asked, on proof of the service of her motion.

Two years had not elapsed when the motion papers were served.

The general rule at common law was that the authority of the attorney in an action ceased with the recovery of a judgment. (1 *M. & P.*, 513 *Graham's Pr.*, 47.)

Notwithstanding this limitation, it was held that his authority continued until execution issued (8 *J. R.*, 361), and still further until the payment of the debt. But he could not acknowledge satisfaction without a new warrant. (10 *J. R.*, 220.) But the Revised Statutes changed the law, and authorized the attorney to acknowledge satisfaction at any time within two years from the entry of judgment. (2 *R. S.*, 362, § 24, *1st ed.*)

The power of the attorney has been held to continue for two years, so that a notice of appeal served upon him, was as effectual as upon the party, (*Tripp* agt. *DeBow*, 5 *How. Pr. R.*, 114, *and the authorities cited*). See also the remarks of COWEN, J., in *Lusk* agt. *Hastings*, (1 *Hill*, 656,) *Bracket* agt. *Norton*, (4 *Conn.*, 522,) *Winans* agt. *Mason*, (21 *How. Pr. R.*, 153,) *Lee* agt. *Brown*, (6 *J. R.*, 132,) *Wardell* agt. *Eden*, (1 *John. Cases*, 121.)

The case of *Drury* agt. *Russell*, (27 *How. Pr. R.*, 130) is directly in point, and decisive of the question. In that case six years had elapsed after judgment, yet service on the attorney held regular.

I have looked into the affidavits to see whether the place of residence of the plaintiff was known. The defendant says she understands his home to be Cortland. Mr. Johnson, the attorney, says he was told by plaintiff he was going west on a lecturing tour; that he had addressed a letter to him at Cortland where his sister resides, and by whom plaintiff's letter was forwarded to him, but he (J.), had not received an answer.

It is obvious that service by mail would not be likely to reach the plaintiff, so that no benefit would result from resorting to that mode of service.

Upon the authority of the cases cited, I entertain no doubt but that the service in this case was regular.

In this and in all similar cases of service upon an attorney, so long after entry of judgment, the court, upon his affidavit showing that he had made dilligent effort to infcrm his client of the service of papers and had failed, would upon his application, postpone the hearing for a reasonable time, so that the client might be notified, and in this way, injustice to both parties be avoided.

The attorney, thinking the service irregular, did not make the request, and of course, no postponement was granted.

The motion is granted, but it must be upon paying $10, costs of the motion, and the costs of the cause after service of the complaint, an answer to be served within twenty days.