NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
November, 1878.

## MATTER OF McCUNN.

*In the matter of the estate of* JOHN H. McCUNN, *deceased.*

An attorney, by virtue of his original retainer, has authority not only to perfect and execute a judgment, but to defend it from all attempts to interfere with it. He is, therefore, a proper person to be served with notice, when the judgment or other proceeding in which he has participated is sought to be set aside.

*Held,* accordingly, that upon a motion to set aside an order granting leave to issue execution against the estate, service of the motion papers on the attorney who appeared for the judgment creditor (the latter being a non-resident) was proper, although the order had been granted two years before, and the execution had been partly satisfied.

MOTION, among other things, to set aside an order granted herein, on the 4th day of May, 1876, authorizing the issuing of execution against said estate.

The papers showed that such execution was issued, and certain property belonging to the estate was sold thereunder. The papers on this motion were served upon the attorney of the judgment creditor who obtained the order, the judgment creditor being a non-resident of the state.

HENRY DAILEY, JR., *for petitioner.*

THE SURROGATE.—The question is now raised whether the service upon the attorney was sufficient, or whether the papers should have been served upon the judgment

creditor himself. In Lusk v. Hastings (1 *Hill*, 656), it was held that the authority of defendant's attorney, by virtue of his original retainer, is deemed to continue until final judgment is actually perfected, though a rule in arrest of judgment had been entered in that case. Justice COWEN, at page 662, after discussing the general principle, that an attorney's authority ceases on entry of judgment, and stating certain exceptions, says: "The entry of final judgment by plaintiff's attorney may be irregular. What objection is there in such case to serving him with notice of motion to set it aside? It is his business, at least, to see that the regular judgment in favor of his client should be perfected and sustained when the courts have awarded it in his favor. Having conducted the suit, he is best able to resist all attacks upon the judgment. For a similar reason, he is a proper person to be served with notice when the judgment, or any other proceeding in which he has participated, is sought to be set aside on the ground of merits," &c. In Drury v. Russell (27 *How. Pr.*, 130), service of motion papers by defendant's attorney upon plaintiff's attorney, to set aside an attachment, held regular four years after the entry of judgment in the action, upon the authority of Lusk v. Hastings, above cited. In Miller v. Miller (37 *How. Pr.*, 1), it was held that motion papers to set aside a judgment of divorce, granted by default, and for leave to come in and defend, were properly served upon the attorneys for plaintiff in the judgment, though made nearly two years after the entry of judgment, and after the attorneys for the plaintiff had settled with their client, and they had dissolved partnership. In Hoffenberth v. Muller (12 *Abb. Pr.*, *N. S.*, 221), it was held that

an attorney, by his general authority, could, after judgment, give a stipulation extending the time to perfect an appeal.

When this question was first raised it seemed to me that the fact that the attorney had fully represented his client to the completion and satisfaction of the judgment, his powers should be regarded as at an end. But the authorities which I have cited and considered fix no definite limit to the authority of an attorney in a proceeding, but seem to recognize it to be his duty not only to perfect and execute the judgment, but to defend it from all attempts to interfere with it. I do not feel at liberty, in the face of such authorities, to hold that for the purpose of a motion to set aside the order in question, the attorney for the judgment creditor does not represent his client. To what extent he is such representative, over and above the proposed interference with the order in question, it is not proper that I should now determine ; but I entertain serious doubts whether the attorney can represent his client, in respect to any relief which does not necessarily grow out of the modification or setting aside of the proceedings in which he was a representative of his client.

I must therefore hold that the objection raised is not well taken, and the motion must proceed upon its merits.

Ordered accordingly.