[No. 3390.   Decided November 15, 1900.]

# W. R. STURGISS, *Appellant,* v. GORHAM P. DART *et al.,* Defendants, JOHN ELLINGER, *Respondent.*

### JUDGMENT—VACATION—PROCEDURE—MOTION.

Where a defendant seeks to have a judgment vacated because it appears on the face of the record that no service of summons was made upon him, his application therefor is governed by Bal. Code, § 4880, which provides that if the summons. is not served personally on the defendant, he may, on application and sufficient cause shown, be allowed to defend after judgment, within one year after its rendition, on such terms as, may be just; and such application may properly be made by motion and served in the manner prescribed for the service of motions; and the defendant is not compelled to resort to the procedure prescribed by Bal. Code, §§ 5156, 5157, when it is sought to vacate a judgment under the provisions of § 5153, Id.

### APPEAL—ORDER QUASHING WRIT OF EXECUTION—MATTERS RE-VIEWABLE.

The provisions of Bal. Code, § 6500, subd. 7, which allow an appeal from any final order made after judgment, which affects a substantial right, which appeal shall bring up for review any previous order in the same action which involves the merits and necessarily affects the order appealed from, does not authorize the review of an order vacating a judgment, when the appeal is from an order quashing a writ of execution which had been issued on the vacated judgment.

### MOTION TO VACATE JUDGMENT—SERVICE UPON ATTORNEYS.

Under the statutes, and practice of this state, the authority of an attorney to represent his client does not cease with the rendition of judgment merely, but continues until he has obtained for his client a judgment not subject to vacation on motion for any of the causes especially provided by statute or recognized by well established practice; and consequently an application for the vacation of a judgment for want of personal service on defendant may be served on the attorney of the adverse party, instead of the party himself, the only exception thereto falling under the express provisions of Bal. Code, § 5153, sub-divisions 2-7, which require service upon the party whose judgment is attacked the same as in original actions.

SAME—WHEN ASSIGNEE OF JUDGMENT BOUND—PARTY IN INTEREST.

Where the executor of an estate has obtained a judgment
for its benefit, which has afterwards been assigned by him on
distribution of the estate to the sole devisee, such assignee of
the judgment does not stand in the position of a subsequent
purchaser, but he at all times held the equitable title and the
action was prosecuted for his benefit, hence service of a motion
to vacate the judgment made on the attorneys of the executor is
binding on the devisee.

ORDER VACATING JUDGMENT—COLLATERAL ATTACK.

The action of the court in vacating an entire judgment for
the foreclosure of a mortgage, on the motion of a party whose
interest affected only a part of the real property included within
the mortgage, is properly reviewable on appeal from the order
of vacation, and cannot form a basis for collateral attack.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Affirmed.

*Hyde & Dawson,* for appellant.

*Crow & Williams,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—In November, 1896, one Homer J.
Shinn, as executor of the estate of Edwin K. Sturgiss,
deceased, began an action in the superior court of the
county of Spokane to reform and foreclose a mortgage
executed by Gorham P. Dart and wife to Edwin K. Stur-
giss upon certain real property in that county, making
defendants in the foreclosure action the respondent John
Ellinger, and others. Summons was duly issued and
served upon certain of the defendants personally, and a
purported service by publication was made on Ellinger.
On February 19, 1897, default was taken against all of the
defendants, and, after proof of the amount due upon the
mortgage, a judgment of foreclosure was entered in ac-
cordance with the prayer of the complaint. In March
following, the executor, Shinn, filed his final account with

the estate of Edwin K. Sturgiss, which upon hearing was approved by the court, and the executor was directed to distribute the property in his hands to the appellant, W. R. Sturgiss, who was the sole devisee under the will of Edwin K. Sturgiss. This the executor did, making a formal written assignment to Sturgiss of the judgment of foreclosure above referred to, and was afterwards discharged from any further duty as executor. In October following, the respondent, Ellinger, appeared by counsel and moved to vacate and set aside the judgment entered against him, and for leave to appear and defend the action. This motion was based on the grounds that the court was without jurisdiction of his person, or jurisdiction to enter a valid judgment of foreclosure of his interests in the real property described in the mortgage, for the reason that the summons had not been served upon him, and he had not had his day in court. The motion was accompanied by an affidavit of merits, and an answer showing on its face a valid defense to the cause of action set out in the complaint. The motion, affidavit, and answer were served upon the attorneys of record in the foreclosure action, but were not served upon either Shinn or Sturgiss. Subsequently, and after notice had been given the attorneys of record, the motion was called for hearing, whereupon the court granted the same, and entered an order vacating and setting aside the judgment of foreclosure and permitting the respondent to file his answer. Neither Shinn, Sturgiss, nor the attorneys appeared at this hearing. The respondent thereupon served upon Shinn and the attorneys notice of the order of the court vacating the decree, and of the filing of the answer. After the time for replying to the new matter contained in the answer had expired, the respondent served on Shinn and the attorneys a motion for default, together with a notice of the time when it would be called for hearing. No appearance having been

made in response to this notice, the court at the time fixed
in the notice granted the motion, and, after hearing evi-
dence on the matter alleged in the answer, found that the
indebtedness originally secured by the mortgage had been
paid, that the respondent was the owner of a part of the
real property described therein, and entered a judgment
quieting his title thereto.    This judgment was entered
November 19, 1897.    In April, 1899, the appellant, Stur-
giss, procured the clerk of the court to issue an execution
and order of sale on the judgment of foreclosure originally
entered, which the court, on the application of respondent,
ordered recalled and quashed.    This appeal is from the
last mentioned order.

The appellant first contends that the order of the court
which vacated and set aside the judgment of foreclosure
and the subsequent judgment entered in favor of the re-
spondent are nullities, because the procedure followed by
respondent was insufficient to give the court jurisdiction
to act in the premises.    He argues that the application to
vacate the judgment was based upon the cause specified
in subdivision 2 of § 5153 of the Code (Ballinger's), and
hence is governed by the procedure prescribed by §§ 5156
and 5157 thereof; that inasmuch as these sections require
that an application to vacate a judgment for the cause men-
tioned in subdivision 2 must be made by petition, verified
by affidavit, setting forth the judgment, the facts or errors
constituting a cause to vacate it, and, if the moving party
is defendant, the facts constituting a defense to the action,
and further require that the adverse party must be brought
into court in the same way, and on the same notice as to
time and mode of service, as in an original action, a trial
court is without power to vacate a judgment for this cause
on motion, and cannot acquire jurisdiction of the plaintiff
in the action by any other manner or form of service than
that required by the Code for the commencement of an

original action.   If it were conceded that the cause for which the respondent sought to have the judgment vacated was that specified by the subdivision of the section of the Code cited, it could not well be disputed that the contention made is sound.   Subdivision 2, of § 5153 of the Code, however, refers back to the cause for vacating judgments prescribed in § 4880, which provides that if the summons is not served personally on the defendant—that is to say, is served by publication or some other mode provided for substituted service—he may at any time after judgment and within one year, on such terms as may be just and for sufficient cause shown, be allowed to defend the action. The judgment the statute here refers to, and which is required to be attacked in this particular way, is a judgment entered after a proper and regular service of summons made by some of the modes prescribed by statute, other than a personal service, and one valid and binding on the defendant so long as it remains on the records of the court not vacated, reversed, or satisfied. The  statute also contemplates an application based upon causes *dehors* the record,—not such, perhaps, as would authorize a vacation as a matter of strict right, but such as appeal to natural justice and the conscience of the court; for example, a case where a judgment has been entered on a cause of action to which the defendant has a meritorious defense, and he has in fact had no actual notice and no opportunity to present his defense.   But the statute has no reference to the vacation of a judgment entered upon an attempted service of summons void on its face, or, what is the same thing, to a judgement entered without the service of summons at all.   Such a judgment is in legal effect no judgment.   No rights are acquired or divested by it. It   can neither bind nor bar anyone.   And a court of general jurisdiction can, by virtue of its inherent powers and without the aid of statutes, clear its

records of such a judgment, no matter in what form or in what manner the application to it to do so is made. The application of the respondent, as we have shown, was based on this latter ground. He asked to have the judgment vacated because it appeared on the face of the record that no 'service of summons was made upon him. As such his application did not fall within the causes for vacating judgments enumerated in § 5153 of the Code. It was therefore properly made by motion (Code, § 5080a), and could be served in the manner prescribed for the service of motions.

The appellant next contends that the trial court erred in holding that the record shows the judgment of foreclosure to be invalid, and that this question is before us for review. He insists (1) that his appeal brings up for review the order vacating the judgment by virtue of subdivision 7, of § 6500 of the Code, which provides that an appeal from any final order made after judgment brings up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from; and, (2) if this be not so, it is before us because the order vacating the judgment was made without notice to him, and consequently he may question its validity in any proceeding where the order is invoked to deny to him the rights he acquired by reason of the judgment.

As to the first branch of the contention, while the language of the section of statute cited is general, we cannot think it can be so construed as to permit an appeal from an order quashing a writ of execution issued on a vacated judgment to bring before this court for review the order vacating the judgment. Indeed, if the argument be sound, slight consideration will show that the principle involved must apply to all orders made in a cause which in any way affected the final judgment entered, and would

allow a review of any judgment by the simple process of resisting an execution issued on that judgment and appealing from the order of the court permitting the writ to issue. This, it is needless to add, would render nugatory the statute limiting the time within which appeals must be taken to this court, which certainly cannot have been the intention of the legislature when it enacted the section in question. The previous order referred to by the statute must, we think, be one made in the course of the particular proceeding leading up to the final order appealed from, and that it can have no reference to orders made in other and different proceedings which may be appealed from directly or indirectly by an appeal from the final judgment, although made in the same action.

The second branch of the contention presents a more difficult question. The order vacating the judgment recites in what manner and upon whom the motion to vacate the judgment was served, thus leaving no room for the presumption which ordinarily obtains in favor of the judgments of courts of superior and general jurisdiction, namely, that the service of the process necessary to bring a party before the court was regularly made, unless the contrary appears on the face of the record. This recital shows the motion to have been served upon the attorney of record appearing for the plaintiff in the action, and the appellant insists that the attorneys cease to represent the parties after judgment, and hence notice to them is in effect no more than notice to strangers to the record, and is insufficient to bring the parties before the court. But, whatever may have been the rule of the common law, it is not the rule under the present practice that the attorney's authority to represent his client after the entry of judgment ceases for all purposes. By the express terms of the statute a variety of motions attacking the judgment can be made, notice of which may be given the

attorney. For example, by § 6503, Bal. Code, the notice of appeal may be served on the attorney of the prevailing party; so by § 5155 a motion to vacate a judgment or order for mistakes or omissions of the clerk, or irregularity in obtaining the judgment or order, may be served upon the attorney; so the attorney for the adverse party may be served where the judgment is sought to be vacated for the causes enumerated under the first subdivision of § 5153 of the Code; and it is the almost uniform practice to serve the attorney where the judgment is sought to be vacated on the ground of mistake, inadvertence, surprise, or excusable neglect, permitted by § 4953. In fact, aside from the causes enumerated in subdivisions 2, 4, 5, 6 and 7 of § 5153, the Code expressly, or impliedly by its general terms, in all cases where the attack on a judgment is made on statutory grounds, permits the notice thereof to be served on the attorney of record of the party in whose favor the judgment was rendered. Whether there is any reason for the enumerated exceptions, it is not necessary here to consider. The true reason, however, might perhaps be found in the fact that the excepted cases provide for the vacation of judgments for causes of an equitable nature arising *dehors* the record, which, as we have said, do not authorize a vacation as a matter of strict right. Further evidence that the Code did not intend that the attorney's authority ceased on the entry of the judgment is found in the fact that he is empowered to issue execution upon a judgment, receive the proceeds thereof, and satisfy the judgment of record. § 4766. From this it would seem that the statute intended that the attorney's authority to represent his client does not cease until he has obtained for him a judgment not subject to vacation on motion for any of the causes especially provided for therein, or for causes recognized by well established prac-

tice. It is certainly not the understanding of either the client or the attorney that the services of the attorney in an action are ended when he simply obtains a judgment which can be so set aside. He is employed to obtain a judgment permanently effectual for its purpose, and his duty to his client ought not to be held to have ceased until he has accomplished the object for which he was employed. This principle has been announced in some well considered cases. In *Branch v. Walker,* 92 N. C. 87, it was said:

"But it is said that the plaintiffs having obtained judgment, for want of an answer, the relation of the counsel to the action ceased, so that he had no further connection with or control over it, and, therefore, notice to him was not sufficient. We do not think so. The action in this case was not completely ended when the judgment was obtained. A variety of motions might, in the order of procedure, be made in respect to the judgment. A motion might be made to set it aside for alleged irregularity. So a motion might be made at any time within twelve months to set it aside, because of mistake, surprise or excusable neglect. There might be a motion to modify the provisions of the judgment, or as to the character of the execution, in a case like this, or like motions might be made, some of them at a subsequent term, some of them in vacation. The course of the law and the progress of the action contemplate that such motions may be made after judgment. Surely neither the client nor the counsel in an action would ever agree that the counsel's services in it were ended when he simply obtained a judgment thus open to attack. It has been held, in many cases, that, in actions to recover money, the counsel might give directions in respect to the execution, and give receipt for the money when collected. It may be said, generally, that the relation of the counsel to the action does not cease, in any case, until the judgment in the court where it is pending is consummated; that is, made permanently effectual for its purpose, as contemplated by law. In this case, we are sure that

neither the client nor the counsel contemplated that the latter's work, as counsel, was done, until the judgment should be made effectual. The action was not ended when the judgment was entered. The record stood open for motions like the one before us, and other motions that might be made; and it was the duty of the counsel to give them attention, when made, as occasion might require, until it should be ended. *Walton v. Sugg,* Phil. 98; *Rogers v. McKenzie,* 81 N. C. 164."

In *Beach v. Beach,* 6 Dak. 371 (43 N. W. 701), it was said:

"The general rule undoubtedly is, that the power of an attorney under a general retainer expires when judgment is finally rendered, for usually there no longer exists any occasion for his services. The judgment is the final determination of the matters about which the attorney was retained. *Macbeath v. Cooke,* 1 Moore & P. 513. But this is not so for every purpose, for at the common law the attorney's power was supposed to continue a sufficient length of time after entry of judgment to permit him, where successful, to issue execution, and until such action as might be necessary for the collection and satisfaction of the judgment. Gilb. Ex'ns. 93. This rule has become a part of the statute law of this territory to such an extent that the attorney of record for the successful party may at any time collect the judgment and execute satisfaction therefor, § 5107, Comp. Laws. So after final judgment, if appeal be taken or writs of error brought, the employment of the attorney of record, in the absence of special notice indicating the contrary, is presumed to have continued, and the statute provides that notice shall be served upon them in such case. § 5336, id. This was also the rule before the Code. If the judgment be entered irregularly, shall not the attorney whose duty it was to enter it properly be served with notice of motion that it be corrected? It would seem that he more than any other person, even the party himself, is the one that ought to be notified; for, having been attorney of record, and conducted the matters to a conclusion, he is best able to resist any attack upon it."

See, also, *Doane v. Glenn,* 1 Colo. 454; *Miller v. Miller,* 37 How. Pr. 1; *Manning v. Hayden,* 5 Sawy. 360; *Lee v. Brown,* 6 Johns. 132.

It is true that a motion to vacate and set aside a judgment for the reason that it is void is not a ground of attack for which direct authority can be found in the Code. It is, however, a ground of attack recognized by the well established practice, and is also a direct atack on the judgment. It is a proceeding in the cause not required to be brought by the service of original process, and falls within the rule permitting service to be made on the attorney of record. This being true, this court is without power in this proceeding to review the order. Having been made after due notice to the parties, it is not void for want of jurisdiction, and is binding on the appellant, even though it may have been erroneous.

The appellant further contends that he is an assignee of the judgment, and, whatever the rule may be as to the original plaintiff, the attorney of record of that plaintiff cannot be held to be his representative. But, we think, the appellant has mistaken his relation to the judgment. He is not its assignee in a legal sense, but is a legatee thereof, and takes title by virtue of the will of Edwin K. Sturgiss, and not as a purchaser from the executor. Whatever force his contention might have were he a subsequent purchaser, it cannot avail him, because of this fact. The action was prosecuted for his benefit, and he at all times had the equitable title to the property. The relation of the attorneys to the cause did not change by his succession to the legal title.

·Lastly, it is urged that the interest of the respondent affected only a part of the real property included within the mortgage, and the court should have permitted a sale of that part in which the respondent had no interest. It

is too late for the appellant to urge this objection. By the order of the court the entire judgment was vacated. If this was an irregularity at all, it was one which was presented for the consideration of the court at the time of making the order. It must therefore be corrected by some appellate or correctory proceeding, and cannot form a basis for a successful collateral attack.

The order appealed from is affirmed.

DUNBAR, C. J., and REAVIS, J., concur.

ANDERS, J., not sitting.