[No. 15653.  *En Banc.*  November 22, 1920.]

*In the Matter of the Adoption of* GARRARD SIMPSON FORCE.[1]

ADOPTION (4) — PROCEEDINGS — CONSENT OF PARENTS — DIVORCE — STATUTES—CONSTRUCTION.  Where a decree of divorce awarding the custody of a child to the mother gave the father the right of visitation, both parents must consent to the adoption of the child, under Rem. Code, § 1696, which provides that, if the parents are living separate and apart, consent to adoption may be given by the one having the care, custody and control of the child; since the award of custody was not without qualification.

SAME (9)—SETTING ASIDE—MOTION.  The adoption of a child without the consent of or notice to a divorced father entitled to notice, may be attacked and set aside upon motion.

JUDGMENT (126)—VACATION—NOTICE OF APPLICATION—TO ATTORNEY.  A motion to set aside the adoption of a child may be served upon the attorney appearing for the adverse parties in the adoption proceedings, notwithstanding he was employed for the purpose of that action only and has been paid and discharged.

Appeal from an order of the superior court for King county, Frater, J., entered September 19, 1919, setting aside a decree of adoption, after a hearing before the court. Affirmed.

*Edward Judd,* for appellant.

*Chas. F. Munday* and *Walter S. Fulton,* for respondents.

[1] Reported in 193 Pac. 698.

MACKINTOSH, J.—This is an appeal from an order of the superior court setting aside a decree of adoption of a minor child for the reason that the father of the child had not consented to the adoption.

On September 10, 1918, Caroline S. Force filed in the superior court of King county a complaint seeking a decree of divorce from her husband, R. C. Force, on the ground of cruelty. The husband appeared in the action, denying the allegations of cruelty; the case was tried on that issue, and on September 19, 1918, a decree of divorce was granted to Mrs. Force, by which decree she was awarded the care, custody and control of the two minor children, one of whom is the child involved in this controversy.

The decree, in so far as it is here material to be noticed, was as follows:

"It is further ordered, adjudged and decreed, that said plaintiff be and she hereby is awarded the sole care, custody and control of her minor children named Garrard Simpson Force, and Ridgely Clinton Force, Jr., granting, however, the right to said defendant to visit said minor children at all reasonable times."

Soon after the inhibition of the statute against the remarriage of divorced persons had ceased to bind her, Mrs. Force was married to Roy A. McLean, and on July 8, 1919, McLean filed a petition for the adoption of Garrard Simpson Force. This petition alleged that McLean is a married man; that the name of his wife is Caroline S. McLean; that she is the mother of the child Garrard Simpson Force; that the child resides with him and his wife and is a member of his family; that Caroline S. Force was divorced from R. C. Force on September 19, 1918, and they are now living separate and apart, and that she was given the sole care, custody and control of said child by the divorce decree; that she has filed her consent to the

adoption of said child by said McLean. Upon the hearing of this petition upon the same day it was filed, the court entered the decree of adoption, changing the name of Garrard Simpson Force to Garrard Simpson McLean.

Thereafter, on July 28, 1919, R. C. Force filed his motion to set aside the judgment of adoption. This motion was based upon an affidavit which stated, in substance, that he was the father of the child; that no notice of any kind of the filing of the petition or of the hearing thereon, or of the entry of the decree, had ever been served upon him; that he had no notice thereof; that he was at all times a resident of the city of Seattle; that his residence was known to said Roy McLean and Mrs. McLean; that his consent was never given to said adoption.

Upon these facts, the trial court was of the opinion that the decree of adoption was void, and for that reason set it aside.

The controlling question upon the merits is, was the decree of adoption void because the consent of the father of the minor child was not obtained.

The answer to this question depends upon the statute, § 1696, Rem. Code, which reads:

"Any inhabitant of this state, not married, or any husband and wife jointly, may petition the superior court of their proper county for leave to adopt and change the name if desired, of any child under the age of twenty-one years, but a written consent must be given to such adoption by the child, if of the age of fourteen years, and by each of his or her living parents who is not hopelessly insane or a confirmed drunkard. If there be no such parents, or if the parents be unknown, or shall have abandoned such child, or if such parents, or either of them, are hopelessly insane, or a confirmed drunkard, then by the legal guardian if there be no such guardian, then by a discreet and suit-

able person appointed by said court to act in the proceedings as the next friend of such child: Provided, however, that if the parents are living separate and apart, the consent of both is not required, but such consent may be given by the parent having the care, custody and control of such child; And provided further, that either spouse may adopt a child of the other.''

In this case Roy A. McLean is seeking to adopt the child of his wife under the last provision of this statute. The statute is plain to the effect that consent must be given by the child if of the age of fourteen years, and by each of his or her living parents, except a parent who may be insane or a confirmed drunkard. If there are no parents, or if the parents are unknown or shall have abandoned the child, then by a legal guardian. And if there is no guardian, then by a suitable person appointed by the court. Then follows the provision that, if the parents are living separate and apart, the consent of both is not required, but such consent may be given by the parent having the care, custody and control of such child.

In *In re Beers,* 78 Wash. 576, 139 Pac. 629, this court examined the statute in question and we there held that a divorced father's consent is not necessary in proceedings for the adoption of a child whose care, custody and control had been awarded to the mother; that consent may be given by the parent having the care, custody and control of such child. It appears further in that case that, in the decree of divorce, the custody of the child had been awarded to the mother with no mention being made of any right of visitation being reserved to the father. It further appears that the father, after the decree of divorce, had refused and neglected to pay the alimony awarded against him and payable for the support of the child; that the

father left the state and had been absent therefrom
for a period of nearly three years. It was held that
consent was not necessary, nor was he entitled to
notice of the proceedings, for the reason that the de-
cree had awarded the custody of the child to the
mother.

In the case of *In re Lease,* 99 Wash. 413, 169 Pac.
816, a divorce had been granted to the mother, the
decree providing, ''that the plaintiff be and she is
hereby given the custody of the girl named June, born
to plaintiff and defendant, so long as plaintiff remains
a fit and proper person and competent and able to
care for said child. The defendant be and he is hereby
given the right to visit said child June, at any and all
times within reason.'' This court held that the di-
vorced father, though living separate and apart from
his wife, must give his consent to the adoption of such
child. It was there said:

''If the divorce decree has assumed to award the
minor, June, to Veda Lease without qualification, so
as to have finally divested respondent of all parental
rights with respect to her, assuming, for argument's
sake, that a divorce decree could do so, there might
be some ground for the contentions here made in ap-
pellant's behalf to rest upon. But the language of the
divorce decree does not purport to have such a far-
reaching effect, since it reserved to Ernest Lease, the
father, 'the right to visit said child June at any and all
times within reason,' and it also suggests that Veda
Lease might not remain a fit person to have the custody
of the child June. In other words, the divorce decree
does not purport to finally divest Ernest Lease of all
parental rights in his child. We assume, of course,
that Ernest Lease and Veda Lease were living separ-
ate and apart at the time of the adoption.''

The court, in effect, holding that the decree of di-
vorce gave but a qualified care, custody and control
to the mother, reserving to the father certain rights.

So the decree in the case before us, although it states that sole care, custody and control is awarded to Mrs. Force, still the care, custody and control which the decree itself provides for created in Mrs. Force but a qualified care, custody and control and perpetuated in Mr. Force certain parental rights. The statute does · not, under such circumstances, intend that those rights may be curtailed or destroyed without the consent of the parent in whose favor they have been perpetuated by the decree.

The effect of the *Lease* decision is to require the consent to be given by the parent living apart from the child, who exercises or enjoys any portion of its care, custody and control, and who, in the decree of divorce, has been reserved rights which are inconsistent with absolute and unqualified care, custody and control on the part of the other parent.

The *Lease* case is distinguished from the *Beers* case for the reason that in the latter case the care, custody and control of the child had been given to the mother without condition or reservation, and further, that in that case the father had by his conduct abandoned any right which might have been reserved to him, even had the decree lodged such right in him.

We see no conflict between the *Beers* and *Lease* cases and here follow the rule as announced in the *Lease* case, that divorced persons, living separate and apart, must both give their consent to the adoption of their child when the care, custody and control of such child, by the decree of divorce, has not been given to one of them in an unqualified degree.

Objection is made by the appellant that it was not proper procedure to attack the judgment of adoption by the method used in this case. We see no merit in this objection.

It is further urged that jurisdiction was not obtained of the parties by the service of the motion to vacate the judgment of adoption, for the reason that the motion was served only upon the attorney who had appeared for McLean in the adoption proceedings, and it further appears that that attorney had been employed only for the purposes of that action and had been paid and discharged after the judgment of adoption had been procured. It is therefore contended that he was no longer attorney for the parties and service upon him of any motion subsequent to judgment was improper.

This court said in *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858:

"From this it would seem that the statute intended that the attorney's authority to represent his client does not cease until he has obtained for him a judgment not subject to vacation on motion for any of the causes especially provided for therein, or for causes recognized by well established practice. It is certainly not the understanding of either the client or the attorney that the services of the attorney in an action are ended when he simply obtains a judgment which can be so set aside. He is employed to obtain a judgment permanently effectual for its purpose, and his duty to his client ought not to be held to have ceased until he has accomplished the object for which he was employed."

This holding is supported by numerous cases cited in the foregoing opinion, and has been followed by this court in *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446.

The order appealed from is affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, MAIN, PARKER, TOLMAN, and MITCHELL, JJ., concur.