[No. 17693.   Department Two.   May 17, 1923.]

## N. E. HARJU, *Respondent*, v. EINQR W. ANDERSON, *Appellant.*[1]

JUDGMENT (46, 125)—DEFAULT—VACATION—PENDENCY OF SUIT. An action in which judgment is taken by default continues to be pending for one year for the purposes of instituting a proceeding to vacate it, under Rem. Comp. Stat., § 467.

SAME (46, 125)—VACATION—NOTICE OF APPLICATION—SERVICE OUTSIDE OF STATE—TIME FOR APPEARANCE. A petition to vacate a default judgment, under Rem. Comp. Stat., §§ 464, 467, 468, being considered as made in a pending case, may be served on plaintiff or his attorneys of record outside of the state, and the fact of their non-residence does not entitle them to any enlargement of the twenty-day period prescribed for answering the petition.

Appeal from an order of the superior court for Cowlitz county, Kirby, J., entered August 7, 1922, quashing service of notice and petition in proceedings to vacate a default judgment. Reversed.

*J. Bruce Polwarth* and *Edward E. Gray*, for appellant.

*Mathison & Mannix*, for respondent.

PARKER, J.—The defendant, Anderson, seeks vacation of a default judgment rendered against him in favor of the plaintiff, Harju, in the superior court for Cowlitz county. This proceeding is by petition and notice entitled and filed in the action in which the judgment was rendered, and is prosecuted under §§ 464, 467 and 468, Rem. Comp. Stat. [P. C. §§ 8130, 8133, 8134]. The proceeding comes to this court upon appeal by Anderson from orders of the superior court quashing services of notices, accompanied by his petition, upon Harju and his attorneys at Astoria, Oregon.

[1]Reported in 215 Pac. 327.

The judgment which Anderson seeks to have vacated was rendered against him by default on December 10, 1920. His claim for relief is rested upon the ground that the rendering of the judgment was obtained by fraud, in that he was never served with summons in the action, and that the proof of personal service upon him, upon which the court assumed jurisdiction over him and rendered the judgment against him, is not true. Claiming to have first discovered the existence of the judgment several months after it was rendered, he thereafter filed his verified petition in the case and caused it, together with a notice of the commencement of the proceeding, to be served at Astoria, Oregon, personally upon Harju, and also to be served at Astoria, Oregon, personally upon his only attorneys of record in the case who had represented him in the obtaining of the judgment. The notice so served specified "twenty days, exclusive of the day of service," as the time within which Harju should appear in the proceeding and resist the prayer of the petition. Thereafter Harju, by his attorneys of record who had represented him in obtaining the judgment, entered his special appearance in the proceeding for the sole purpose of moving to quash the service of the notice and petition so made upon him, and moved the court accordingly. Thereafter that motion being submitted to the court upon argument of counsel for the respective parties, the court sustained the motion and entered its order quashing the service of the notice and petition so made. Anderson thereafter caused another service of another notice and the petition upon Harju and his attorneys at Astoria, which was also ordered quashed upon motion of Harju's attorneys. Thereafter Anderson appealed to this court from these dispositions of the motions to quash the services of the notices and petition.

In view of our conclusion that the service of the notice and petition first above mentioned was sufficient to compel Harju to respond to Anderson's petition or suffer a hearing and disposition thereof by default, our discussion hereafter will relate wholly to that service and the court's ruling with reference thereto; the question of the validity of that service being the one principally argued by counsel upon both sides. The provisions of our statutes to be here noticed relating to the vacation of judgments, having reference to the sections of Rem. Comp. Stat., are the following:

"§ 464. The superior court in which a judgment has been rendered, . . . shall have power . . . to vacate . . . such judgment . . .

"4. For fraud practiced by the successful party in obtaining the judgment or order; . . ."

"§ 467. The proceedings to obtain the benefit of subdivisions . . . 4, . . . of section 464 shall be by petition verified by affidavit, setting forth the judgment or order, the facts . . . constituting a cause to vacate or modify it, and if the party is a defendant, the facts constituting a defense to the action; and such proceedings must be commenced within one year after the judgment or order was made, . . ."

"§ 468. In such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings shall be governed by the same principles, and issues be made up by the same form, and all the proceedings conducted in the same way, as near as can be, as in original action by ordinary proceedings, except that the facts stated in the petition shall be deemed denied without answer, . . ."

It is contended by counsel for Harju that the service of the notice and petition upon him and his attorneys at Astoria, Oregon, is fatal to the jurisdiction of the superior court for Cowlitz county, in this state, be-

cause such service was made in the state of Oregon and outside the territorial jurisdiction of that court; that is, that such service could not be validly so made as a personal service, which, of course, it was intended to be, because of the time specified in the notice for the appearance of Harju in the proceeding being twenty days. If this were a proceeding wholly independent of the action in which the judgment sought to be set aside was rendered, the contention would seem to have some sound ground to rest upon. But such is not the case. The action in which the judgment was rendered continued to be still pending in the superior court of Cowlitz county for the period of one year following the rendering of the judgment, for the purposes of instituting a proceeding of this nature seeking the vacation of that judgment. This view of the pendency of the original action seems to us necessarily to follow as correct, in the light of our decisions holding that a proceeding of this nature, under the statutes here in question, is a proceeding in the original action, and holding that the court may acquire authority to proceed with the hearing of such proceeding upon service of notice thereof upon the attorneys of record of the party obtaining the judgment sought to be vacated. *Roberts v. Shelton Southwestern R. Co.,* 21 Wash. 427, 58 Pac. 576; *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858; *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *In re Force,* 113 Wash. 151, 193 Pac. 698; *Meeker v. Meeker,* 117 Wash. 410, 201 Pac. 786.

It may be true that, in some of the above cited decisions, the court has referred to a proceeding of this nature as being in the nature of an independent action or proceeding; but, when critically read, such observations of the court, we think, will be seen to have refer-

ence only to the fact that the issues to be tried are in a sense independent of those of the original action, and do not have reference to the manner of bringing such issues before the court for trial. We also note that, viewing the question of service upon attorneys procuring the judgment apart from the decisions of this court, there seems room for arguing that such service can only be effectually made when the vacation of the judgment is sought by motion under § 466; that is, when the vacation sought is rested upon "mistake or omission of the clerk, or irregularity in obtaining the judgment." But our decision in *In re Force*, 113 Wash. 151, 193 Pac. 698, holds that service in a proceeding upon petition under § 467 may be effectually made upon attorneys obtaining the judgment; and that such attorneys continue to represent their client in whose favor the judgment runs, during one year following the entry of the judgment, for the purpose of such service. We do not lose sight of the fact that, in that case, the application to vacate the judgment was called a "motion," but a careful reading of the decision will readily show that the application was, in substance and fact, a petition under Rem. Comp. Stat., § 467 [P. C. § 8133].

We do not think that there is presented in a proceeding of this nature a question of obtaining jurisdiction in the first instance over a case or over the parties thereto. The court already had jurisdiction over Harju as a party to this case, and the case was still pending at the time in question for the purpose of bringing into it the issues raised by this proceeding. We have here the mere question of giving Harju or his counsel notice of the bringing of those issues into the case to the end that they may be heard with reference thereto. Indeed, the question is not materially different from

what it would be were it one of giving Harju or his attorneys notice of the bringing to hearing some issue of fact upon a motion made in the case before judgment, save as to the time they would have to respond to such a notice. We cannot assent to the view that one who is a party to a pending action, into which he has voluntarily come or is brought by due process, can, before it finally ceases to be a pending action, go outside the state and escape further responsibility with reference thereto while it is pending, upon the theory that notice of this nature cannot be personally served upon him or his attorney outside of the state. As we view the situation of such a party, with reference to the pending case, he and his attorneys, for the purpose of serving such notice, are, in contemplation of law, within this state; and that a notice of the nature here in question may be served upon him or them anywhere without the state, when he and all of his attorneys of record are without the state.

It is further contended in behalf of Harju that he, in any event, is entitled to sixty days' time, after notice to him, to respond to Anderson's petition for the vacation of the judgment, in view of the fact that he, Harju, and his attorneys were outside of the state. What we have already said seems sufficient to answer this contention. Section 468, above quoted, may contemplate a sixty days' publication service when there can be no physical, personal service because of want of knowledge of the whereabouts of the person or his attorneys in whose favor the judgment sought to be vacated runs; but we think no such service is contemplated when physical, personal service can be made even outside the state. That section, as we view it, does not lay down any hard and fast rule applicable to all circumstances. Its language with reference to

the notice and service thereof is "as near as can be, as in original actions by ordinary proceedings." We think that, since the action was still pending in the superior court for Cowlitz county for the purpose of this proceeding, when the service was made at Astoria, Harju should not be permitted to insist, as a matter of right, upon any longer period for his appearance in response to Anderson's petition than he would have if he or his attorneys had been served physically within the state of Washington.

The order quashing the first above mentioned service of the notice and petition upon Harju and his attorneys at Astoria, Oregon, is reversed, and the cause remanded to the superior court for Cowlitz county for further proceedings consistent with the views herein expressed. This, of course, has the effect of rendering the second above mentioned service, and the superior court's ruling quashing that service, of no consequence; for whether that service was good or bad, the superior court acquired authority to proceed by the first service made upon Harju and his attorneys.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.