[No. 18482.   Department Two.   July 16, 1924.]

GEORGE R. FOSTER, *Appellant,* v. EDNA FOSTER, *Respondent.*[1]

JUDGMENT (143)—COLLATERAL ATTACK—PRESUMPTION AS TO VALIDITY. A decree of divorce, on proceedings in all respects regular on their face, stating all jurisdictional facts and betraying no infirmity, is not subject to collateral attack by the prosecuting attorney on the ground that it was obtained by a gross fraud upon the court by plaintiff, who was not a resident of the state; and the same cannot be vacated without notice to the plaintiff.

SAME (126)—VACATION—NOTICE OF APPLICATION—SERVICE ON ATTORNEY—JURISDICTION. After expiration of the time limited by statute for the vacation of a judgment of divorce, plaintiff's attorney of record has no authority to accept service or represent the plaintiff in the matter of a petition by the prosecuting attorney to vacate the judgment on account of a fraud committed upon the court.

SAME (121) — VACATION — TIME FOR APPLICATION — JURISDICTION. After expiration of the statutory limitation for the vacation of a judgment by motion or petition, an attack on the judgment must be by independent action, served on the adverse party.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered June 23, 1923, dismissing a petition to set aside an order vacating a judgment, after a hearing to the court. Reversed.

*John King,* for appellant.

*Chas. H. Leavy, Edward M. Connelly,* and *A. O. Colburn,* for respondent.

FULLERTON, J.—On January 11, 1921, the superior court of Spokane county, in an action therein pending in which George R. Foster was plaintiff and Edna Foster was defendant, entered a judgment in favor of the plaintiff, granting a divorce from the bonds of matrimony then existing between the parties. In the action, an attorney duly licensed to practice in this

[1]Reported in 227 Pac. 514.

state, appeared as the attorney of record for the plaintiff. On December 11, 1922, one year and eleven months after the entry of the judgment, the prosecuting attorney of Spokane county filed a petition in the cause seeking a vacation of the judgment. The petition with the summons attached was served upon the attorney of record only. No service was had upon either of the parties to the proceeding, nor does it appear that the plaintiff in the action was given notice of the pendency of the petition. The attorney purported to appear for the plaintiff, and put in an answer in which he denied on information and belief the allegations of the petition set up as grounds for the vacation of the judgment. On a hearing upon the petition, the court vacated the judgment. In May, 1923, the plaintiff, appearing by an attorney other than the attorney of record, moved the court to set aside the order vacating the judgment. The trial court, after a hearing, refused to set the order aside. The present appeal is from the order entered embodying its refusal.

The record discloses that the proceedings in the action in which the divorce was granted were on their face in all respects regular. While neither the complaint nor the findings of fact made by the court are in the record, from the transcript of others of the proceedings it appears that the complaint set forth the necessarily jurisdictional facts, that the defendant was personally served with the summons and complaint, that she defaulted, and that the evidence offered at the hearing justified the judgment. The petition of the prosecuting attorney to vacate the judgment, and the evidence produced in support thereof, tend to show, however, that a gross fraud was practiced upon the court. It appears therefrom that the plaintiff was not and never had been a resident of this state, that no service of the summons was made upon the defendant,

that she had no knowledge otherwise of the proceedings, and that certain allegations of the complaint, to the truth of which the plaintiff evidently testified, were wilfully and corruptly false.

But while the facts stated in the petition of the prosecuting attorney, if established in a proceeding to which the plaintiff was a party, would undoubtedly justify the vacation of the judgment granting the divorce (*Graham v. Graham*, 54 Wash. 70, 102 Pac. 891, 18 Ann. Cas. 999, L. R. A. 1917B 405), the judgment is not a nullity which the courts are privileged to ignore. On the contrary, since it does not on its face betray its infirmity, it is not subject to collateral attack, but must be regarded as a valid and subsisting judgment until set aside by some proceeding recognized as due course of law—some proceeding instituted for that purpose, of which the party obtaining it has notice, and in which he is given an opportunity to defend.

In the proceeding instituted to set the judgment aside, it may for the sake of emphasis be again stated, the plaintiff in the action was not personally served with notice. The notice was served upon his attorney of record only, and whether this was service upon the plaintiff depends upon the fact whether the attorney at that time represented the plaintiff. Under the rule in this state, as we have heretofore announced it, an attorney of record in an action so far represents his client with reference to a judgment obtained therein as to permit service upon him for the purpose of an appeal, or for the purpose of vacating or setting it aside by some one or more of the statutory causes provided for that purpose. But each of these methods of attack have a time limit imposed by the statute itself. The longest period of time in which a judgment is open to attack by any of these methods (with a single

exception not applicable here) is one year. After the
expiration of that time, the judgment is not exposed
to attack by the statutory methods, and the method
of attack thereafter must be by some form of equitable
proceeding instituted as other independent actions or
suits are instituted, in which the service must be made
upon the party to be affected by the result of the
proceeding. In other words, the judgment is immune
from attack by the statutory methods after the time
limit imposed by the statute, and this limit marks the
time in which an attorney of record represents his
client for the purposes of service. Lest we be mis-
understood, it may be well to say that the attorney
represents his client for the purposes of service only
when the attack on the judgment obtained is by a
statutory method. An independent action brought to
vacate the judgment, even though commenced within
the period in which it is subject to attack by the
statutory procedure, must be by service upon the party
and not by service upon his attorney. Our cases on
the question need not be reviewed. The following, how-
ever, may be consulted: *Sturgiss v. Dart,* 23 Wash.
244, 62 Pac. 858; *Dane v. Daniel,* 28 Wash. 155, 68 Pac.
446; *Bruhn v. Pasco Land Co.,* 67 Wash. 490, 121 Pac.
981; *Smith v. Stiles,* 68 Wash. 345, 123 Pac. 448; *In re
Force,* 113 Wash. 151, 193 Pac. 698; *Harju v. Ander-
son,* 125 Wash. 161, 215 Pac. 327.

Turning to the dates above given, it will be seen
that the proceeding instituted by the prosecuting at-
torney was so instituted more than one year after the
judgment therein attacked had been entered. As it
appeared on the face of the proceeding that service
thereof was not made upon the party affected by the
judgment, the trial court was without jurisdiction of
the person of the plaintiff, and therefore the order
entered was void. It follows that the court erred in

refusing to set the order of vacation aside on plaintiff's motion made to that effect.

The order appealed from is reversed, and the cause remanded with instructions to grant the motion to set aside the order of vacation.

MAIN, C. J., BRIDGES, MITCHELL, and PEMBERTON, JJ., concur.