[No. 23402. Department One. October 23, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Laverne Mary Hibler, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Rummens & Griffin,* for relator.

*W. R. Bell,* for respondents.

BEELER, J.—This is an original application in this court for a writ of prohibition, directed to the superior court for King county, and to the Honorable Howard M. Findley, one of the judges thereof.

On November 10, 1928, Laverne Mary Hibler filed her complaint in the superior court for King county,

[1]Reported in 3 P. (2d) 1098.

seeking a divorce from her husband, Lionel Hibler. On February 7, 1929, she secured the entry of an interlocutory decree of divorce. On August 18, 1930, she filed an affidavit in the divorce proceedings in which, among other things, she stated under oath that the parties had not resumed the marital relation subsequent to the entry of the interlocutory order or decree, on which day the final decree of divorce was entered in that cause. The final decree was presented by relator's attorneys, and had the written approval of the attorneys who represented the defendant in the divorce proceedings.

August 12, 1931, the defendant filed his petition to vacate the final decree, alleging that the affidavit of the plaintiff on which it was based was false, and that the plaintiff and defendant had cohabited between the date of the interlocutory order and the final decree. Upon filing the petition, the court, *ex parte,* issued a citation directed to relator to show cause why the prayer of the petition should not be granted. The citation specifically provided that service on the plaintiff might be made by serving a copy of the petition, affidavits, and order to show cause on the attorneys for the relator. Accordingly, service was made by leaving a copy of these pleadings with the stenographer employed by and working in the office of Rummens & Griffin, attorneys. *The relator was not served with copies of these pleadings.* Thereafter, Rummens & Griffin appeared specially on behalf of the relator, but without her knowledge or consent, and moved to quash the service on the ground that they were no longer her attorneys, and that the service upon them did not constitute legal service upon their former client. On August 26, 1931, the trial judge denied the motion to quash, and threatened to proceed with the hearing, and, unless prohibited, will do so.

The only question presented is whether, in a proceeding such as this, brought by petition to vacate a judgment procured through fraud, it is sufficient to merely serve the *attorney* of record who appeared in the action wherein the judgment was obtained with a copy of the petition to vacate, or whether the prevailing *party* to the action who obtained the alleged fraudulent decree *must be served personally*. The answer to this query is found in the following four sections of the statute, Rem. Comp. Stat., §§ 464, 466, 467, and 468.

Section 464, so far as material to this inquiry, provides:

"The superior court in which a judgment has been rendered, . . . shall have power, after the term (time) at which such judgment or order was made, to vacate or modify such judgment or order: . . .
"(4) For fraud practiced by the successful *party* in obtaining the judgment or order; . . ."

Section 466 provides:

"The proceedings to vacate or modify a judgment or order for mistakes or omissions of the clerk, or irregularity in obtaining the judgment or order, shall be by *motion* served on the adverse party, *or* on his *attorney* in the action, and within one year."

Section 467, in part, provides:

"The proceedings to obtain the benefit of subdivisions 2, 3, 4, 5, 6, and 7 of section 464 shall be by *petition* verified by affidavit, setting forth the judgment or order, the facts or errors constituting a cause to vacate or modify it, . . . and such proceedings must be commenced within one year after the judgment or order was made, . . ."

Section 468 provides:

"In such proceedings the *party* shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings

shall be governed by the same principles, and issues be made up by the same form, and all the proceedings conducted in the same way, as near as can be, *as in original action by ordinary proceedings,* except that the facts stated in the petition shall be deemed denied without answer, and defendant shall introduce no new cause, and the cause of the petition shall alone be tried.'' (Italics ours.)

The defendant seeks to vacate the final decree of divorce upon the ground of fraud, as provided in subd. 4 of § 464, *supra.* Sections 466, 467 and 468, *supra,* provide the method for bringing the proceedings on for hearing or trial. Sections 466 and 467 provide that an application to vacate a judgment, whether for mistakes, omissions or irregularity, or for fraud, must be brought within one year. Section 468 provides that a proceeding to vacate a judgment upon the ground of *fraud* must be by petition supported by affidavit, and the *party* who procured the alleged fraudulent judgment must be brought into court in the same manner as in an *original proceeding.*

Reading subd. 4 of § 464 in connection with § 468, the conclusion is irresistible that the *party* must be served and brought into court. In other words, it is not sufficient to merely serve the attorney of record. On the other hand, a proceeding to vacate a judgment for mistakes, omissions or irregularity may be brought by motion, and service may be made *either* on the *party* or on the *attorney of record* in the original action. It is not for us to reason why the legislature saw fit to make this distinction as to the mode of procedure. It is sufficient to say that, since the legislature has outlined and charted the course of procedure, that course must be followed.

However, the reason for the rule which requires that the prevailing *party* to a judgment obtained through fraud be served personally with process in a

proceeding brought to vacate such judgment, is well illustrated in the instant case. Here the attorneys for the relator could not know, and in the very nature of things would not be presumed to know, the truth or falsity of the charge made by the defendant that he had cohabited with the relator between the dates of the entry of the interlocutory decree and the entry of the final decree. That fact, if it be a fact, is strictly within the knowledge of the parties.

But the defendant contends that the relationship of attorney and client does not cease with the rendition of a judgment, but continues until the attorney has obtained a judgment that is not subject to vacation, and hence the service upon the relator's attorneys was a good and valid service. It is true that service of process upon the attorney in the original action is sufficient in many instances, as, for illustration, in proceedings brought under § 466, to vacate a judgment for mistakes, omissions or for irregularity. But here the proceeding was instituted to vacate a decree procured through fraud. The procedure, being strictly statutory, must be followed, and under §§ 467 and 468, *supra,* service must be made upon the party.

In the case of *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858, cited and relied on by both parties, we recognized the distinction in an application to vacate a judgment for mistakes, omissions or irregularity on the one hand, and for fraud on the other hand, and very clearly pointed out that, in a proceeding to vacate a judgment on the ground of fraud, service was required to be made upon the *party* whose judgment was being attacked.

" . . . so the attorney for the adverse party may be served where the judgment is sought to be vacated for the cause enumerated under the first subdivision of § 5153 of the Code; [Rem. Comp. Stat., § 464] and

it is the almost uniform practice *to* serve the attorney where the judgment is sought to be vacated on the ground of mistake, inadvertence, surprise, or excusable neglect, permitted by § 4953 [Rem. Comp. Stat., § 303]. *In fact, aside from the causes enumerated in subdivisions 2, 4, 5, 6, and 7 of* § 5153, [Rem. Comp. Stat., § 464] the Code expressly, or impliedly by its general terms, in all cases where the attack on a judgment is made on statutory grounds, permits the notice thereof to be served on the attorney of record of the party in whose favor the judgment was rendered. Whether there is any reason for the enumerated exceptions, it is not necessary here to consider. The true reason, however, might perhaps be found in the fact that the excepted cases provide for the vacation of judgments for causes of an equitable nature arising *dehors* the record, which, as we have said, do not authorize a vacation as a matter of strict right." (Italics ours.)

In the *Sturgiss* case, *supra,* the lower court was without jurisdiction to enter a valid judgment for the reason that no summons had been served upon the respondent. It appeared on the face of the record that the judgment was void. We there recognized and applied the general rule that a court of equity has inherent power to vacate a judgment without the aid of any statute when it appears on the face of the record that the judgment is void. We further recognize that the statute referring to the vacation of a judgment has reference to a judgment entered after a proper and legal service:

"The judgment the statute here refers to, and which is required to be attacked in this particular way, is a judgment entered after a proper and regular service of summons made by some of the modes prescribed by statute, other than a personal service, and one valid and binding on the defendant so long as it remains on the records of the court not vacated, reversed or satisfied. The statute also contemplates an application based upon causes *dehors* the record,—not such, per-

haps, as would authorize a vacation as a matter of strict right, but such as appeal to natural justice and the conscience of the court; for example, a case where a judgment has been entered on a cause of action to which the defendant has a meritorious defense, and he has in fact had no actual notice and no opportunity to present his defense. But the statute has no reference to the vacation of a judgment entered upon an attempted service of summons void on its face, or, what is the same thing, to a judgment entered without the service of summons at all. Such a judgment is in legal effect no judgment. No rights are acquired or divested by it. It can neither bind nor bar anyone. And a court of general jurisdiction can, by virtue of its inherent powers and without the aid of statutes, clear its records of such a judgment, no matter in what form or in what manner the application to it to do so is made.''

Respondent's learned counsel argues that the question raised in this proceeding was considered and adjudicated in the case of *Harju v. Anderson,* 125 Wash. 161, 215 Pac. 327, and contends that to grant the writ of prohibition would require the court to overrule the *Harju* case, *supra.* Not necessarily so. In the *Harju* case, the petition and notice to vacate the proceedings were served personally upon the *respondent* as well as on his attorney of record, which, in part at least, distinguishes that case from the present one. However, the rule in the *Harju* case, *supra,* in so far as it may be considered out of harmony with the rule as here announced, will be deemed modified to conform herewith. We now reiterate the rule as announced in the *Sturgiss* case, *supra,* namely: That, in a proceeding brought to vacate a judgment procured by fraud, the prevailing *party* in the action wherein the judgment was obtained must be served with process and brought into the proceedings the same as in an original action. Mere service on the attorney is not sufficient.

The statute, as heretofore pointed out, and the rule

as announced by this court in the *Sturgiss* case, *supra,* are controlling of the question here presented. By reason of the fact that the relator was not served with a copy of the petition, affidavits and citation, the superior court was without jurisdiction, and erroneously denied relator's motion to quash the service.

The writ will issue as prayed for.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.