[No. 17188.  *En Banc.*  May 11, 1922.]

WILLIAM A. GREENE, *as Trustee in Bankruptcy of the Estate of Joseph Levinson, Plaintiff*, v. RAY LEVINSON *and the* MANHATTAN INVESTMENT COMPANY, *Defendants.*

THE STATE OF WASHINGTON, *on the Relation of Ray Levinson, Plaintiff*, v. WILLIAM A. GREENE, *as Trustee in Bankruptcy of the Estate of Joseph Levinson, et al., Respondents.*[1]

EQUITY (74)—DECREE—EXTENT OF RELIEF—RECOVERY OF MONEY JUDGMENT. That an action is equitable in form does not preclude the entry of a personal judgment for a definite sum of money.

APPEAL (232)—SUPERSEDEAS—RIGHT TO. The merits of an appeal cannot be inquired into on an application to fix the amount of the supersedeas bond on appeal.

SAME (236)—SUPERSEDEAS—AMOUNT—MONEY JUDGMENTS. The supersedeas bond on appeal from a money judgment must be in double the amount of the judgments and $200 additional, regardless of the fact that recovery is coupled with incidental relief; and the supreme court has no power to relieve from an onerous requirement.

SAME (238)—SUPERSEDEAS—FIXING AMOUNT. Where a money judgment against one defendant is duly superseded by bond in the statutory amount pending appeal, and the same is ample to save respondent harmless in all respects, incidental relief relating to shares of stock in a corporation which are in the custody of the court does not warrant the requirement of a $25,000 bond to supersede that part of the judgment, but $5,000 will be held sufficient.

Application filed in the supreme court March 30, 1922, for a writ directed to the superior court for King county, Ronald, J., to fix the amount of a supersedeas bond. Granted as to relator Manhattan Investment Company; denied as to relator Levinson.

*Walter B. Allen, Walter S. Fulton*, and *Chadwick McMicken, Ramsey & Rupp*, for relators.

*McClure & McClure*, for respondents.

[1] Reported in 206 Pac. 956.

HOLCOMB, J.—Such proceedings were had in the trial court as resulted in a judgment in favor of William A. Greene, trustee in bankruptcy, against Ray Levinson, wife of Joseph Levinson, a bankrupt, for the sum of $118,000, with interest at the rate of six per cent per annum from June 27, 1919, amounting at the date of the judgment, March 28, 1922, to the sum of $137,489.67, with interest at six per cent per annum from the date of the judgment, and costs to be taxed. There is a proviso in the judgment that, in case Ray Levinson shall endorse, turn over and deliver to William A. Greene, as trustee in bankruptcy of the estate of Joseph Levinson, a bankrupt, the plaintiff, the promissory note or notes for about $48,000, executed by the Manhattan Investment Company in favor of Ray Levinson, and $25,000 represented by bank certificates of deposit, and $3,000 in Liberty Bonds of the United States, or either or any part thereof, the amount collected thereon shall be credited upon the judgment. There was also a second paragraph of the judgment which provided that 299 shares of the capital stock of the Manhattan Investment Company, reciting the numbers and amounts thereof, are the community property of defendant Ray Levinson and the bankrupt, Joseph Levinson, and the title to the shares of stock described is declared vested in plaintiff, and that the certificate for 299 shares of stock be and the same are declared cancelled upon the registration books of the Manhattan Investment Company, and the Manhattan Investment Company herein ordered and directed to execute to plaintiff a new certificate in lieu thereof; and that in case it should fail or refuse to cancel the certificates mentioned and described now outstanding, and to issue a new certificate in lieu thereof, as ordered and directed, the clerk of the court below was appointed a commissioner under the direction of the court to cancel the certificates upon

the registration books of the Manhattan Investment Company and issue new certificates for the 299 shares to the plaintiff.

The Manhattan Investment Company is a company in which the bankrupt and relator, his wife, own all the stock, amounting to $300,000, face value.

Feeling aggrieved, the defendants, Ray Levinson and the Manhattan Investment Company, each separately appeal from the judgment of the court below, and each ask that a supersedeas bond be fixed upon appeal. Over the protest and objection of respondents, the trial court fixed the amount of the supersedeas bond to be given by Ray Levinson in the sum of $200,000, and the amount of the supersedeas bond to be given by the Manhattan Investment Company in the sum of $50,000. Relators apply to this court to reduce the amount of the supersedeas bond fixed by the court, urging that $25,000 in each case is ample for supersedeas. It is urged that the securities of the relators, being in the custody of the court, relators are prevented from pledging any of the property as indemnity to secure sureties upon supersedeas, and would prevent their appealing.

It is urged by relators that the proceeding upon which the judgment rests is a proceeding *in rem*, and that the judgment is, or will be, a judgment *in rem*. It is also urged that the action is an equitable action in form, which is true. That, however, does not preclude the recovery of a personal judgment for a definite sum of money. Equity has that power as definitely as to grant relief purely *in rem*.

Whether the trial court had jurisdiction and authority to award such a judgment in the proceeding before it is not now to be determined by us. We cannot, without examining into the merits, go behind the judgment itself. It may be that, upon the merits, the only

thing we will have to decide will be whether the findings and conclusions sustain the judgment, or whether the nature of the action justifies such judgment. The propriety of the judgment, therefore, can only be determined when the cause comes before us on appeal. It is definitely and specifically a money judgment, and not a judgment *in rem.*

Whenever a judgment is for the recovery of money, the statutory bond in double the amount of the damages and costs, plus the appeal bond of $200, must be given, even though such recovery is coupled with the granting of other incidental relief. *State ex rel. Washington Bridge Co. v. Superior Court,* 11 Wash. 366, 39 Pac. 644; *State ex rel. Commercial Nat. Bank v. Superior Court,* 14 Wash. 365, 44 Pac. 859; *Lacaff v. Dutch Miller Min. etc. Co.,* 31 Wash. 566, 72 Pac. 112; *Barton v. Wickizer,* 41 Wash. 293, 83 Pac. 312; Rem. Comp. Stat., § 1722.

It is manifest that the relator has an adequate remedy by appeal, and if the money judgment is erroneous, it will be so determined; but in order to appeal from a money judgment there is no way except to comply with the statute. That the damages assessed here are in a large amount, and the giving of the bond may be onerous, does not confer upon us any power to set aside the statute and relieve a party from such onerous conditions.

As to the relator Ray Levinson, therefore, the application must be denied.

A somewhat different situation exists as to the relator Manhattan Investment Company. It is suggested to us that the 299 shares of the capital stock of the Manhattan Investment Company, described in the court's judgment, are in the custody of the court, and it is urged by relators that those shares stand for and represent the tangible property of the corporation,

and that therefore the judgment against it is purely a judgment *in rem.*

However that may be, the supersedeas of the judgment against Ray Levinson, personally, secures the total amount that may be recovered by the trustee in bankruptcy against either or both defendants and relators here. There can be no damage accruing except such as would be incidental to the unavoidable delay in hearing the cause, and possibly depreciation in the value of the stock, which will be amply covered by a moderate bond.

When the money judgment against Ray Levinson shall have been superseded by a proper bond, although the court adjudged a delivery and transfer of the stock of the Manhattan Investment Company in favor of the trustee in bankruptcy, any judgment which the trustee in bankruptcy may recover against these parties may be a lien in favor of the creditors against all of the property, and the superseding of the judgment would not prevent such lien attaching from the time this creditors' bill was filed. The supersedeas bond as required by statute is amply sufficient to save respondent harmless in all respects, for, if the money judgment against Ray Levinson is affirmed, that will satisfy the total demand of the trustee in bankruptcy against both defendants. If it is reversed, the defendants would be entitled to a return of the property. If modified so that the trustee in bankruptcy recovers something against the defendants, the bond will be security for it. If, therefore, relators supersede the entire money judgment, and the judgment against the Manhattan Investment Company, there is no reason, so far as we can see, why the stock and securities will not be freed from the operation of the judgment pending a decision on appeal, and why they will not be entitled to take all of the personal property sought to

be sequestered and pledge the same for the indemnity of the surety on supersedeas bonds on appeal, the bonds being substituted for the property. Respondents are certainly not entitled to hold the personal property and also demand the supersedeas bond in the full sum of twice the amount of their judgment. A supersedeas bond in the sum of $5,000 seems to us ample to secure respondent against any damages as to the Manhattan Investment Company stock.

The writ will therefore be denied as to the relator Ray Levinson, and granted as to the relator Manhattan Investment Company, to the extent of fixing the supersedeas bond at $5,000.

Since the matter was somewhat debatable as to what form and in what amount the supersedeas bond should be given in each case, and the matter was stayed by these proceedings, it will be ordered that relators have fifteen days after the filing of the decision herein in the court below within which to furnish such supersedeas bonds.

PARKER, C. J., TOLMAN, BRIDGES, MAIN, and MITCHELL, JJ., concur.