[No. 22445. Department One. July 22, 1930.]

THE STATE OF WASHINGTON, *on the Relation of Ivan. L. Hyland, Appellant,* v. SUPERIOR SERVICE LAUNDRIES, INCORPORATED, *et al., Respondents.*[1]

[1]Reported in 290 Pac. 427.

*Lyons & Orton,* and *Hyland, Elvidge & Alvord,* for appellant.

*Harold Preston, S. J. Chadwick,* and *Robert S. Macfarlane,* for respondents.

TOLMAN, J.—The relator, by affidavit filed in the superior court, sought the issuance of a writ of mandate to compel the transfer on the books of the defendant corporation of certain shares of its capital stock. Omitting the formal averments, the application for the writ reads:

"That the above named relator is the owner of 20 shares of class A stock of Superior Service Laundries, Inc., evidenced by certificate No. 182, made and issued by the defendant corporation, originally issued in the name of Allen H. Armstrong, which said certificate has been regularly assigned and transferred to relator by indorsements thereon, and the said relator is now the owner and holder of said shares of stock and the certificate representing the said ownership.

"That heretofore on the 14th day of January, 1930, and prior to the commencement of the above entitled action, the above named relator submitted to the above named defendants the said certificate of stock, together with the said transfer thereof, the same having attached thereto the necessary revenue stamps required by the United States statutes, and demanded of the said corporation and the defendants that they transfer said stock on the books of said corporation, Superior Service Laundries, Inc., to the name of the relator and issue a new certificate therefor in the name of the relator as provided and required by the laws of the state of Washington. The defendants thereupon wrongfully, and without any cause or reason, refused said request and refused, and still wrongfully refuse, to transfer said stock on the books of said defendant corporation or to issue a new certificate therefor to relator or in relator's name."

The defendants demurred, and, at the same time, without waiving their demurrer, filed an answer and return in which they alleged:

"That the defendant corporation is organized under the laws of the state of Washington, and that its principal place of business is in Seattle, King county, Washington. That the stock of the defendant corporation is owned by 1,563 different persons. That the places of residence of the stockholders of the defendant corporation are in twenty-one states in the United States, including the eastern states of Connecticut, New York and Florida. That the corporation has a very large number of stockholders in British Columbia, Alberta and Quebec, a large number of stockholders in the interior of Alaska, and also has stockholders in San Salvadore, Central America, and in Germany. That, in order to protect said stockholders in securing notice of stockholders' meeting and their right to vote thereat, and to insure equal protection to all of the owners and holders of the stock of the corporation, and in accordance with the custom and practice among corporations having widely scattered stockholders, the corporation duly, regularly and legally adopted in its by-laws the following provisions concerning the transfer of stock and the closing of the books of the corporation prior to stockholders' meetings:

"'ARTICLE III. Section 4. At each meeting of the stockholders every stockholder having a right to vote, shall be entitled to vote in person or by proxy appointed by an instrument in writing subscribed to by said stockholder, and bearing date not more than three years prior to said meeting, unless that instrument provides for a longer period. Every stockholder shall have one vote for each share of stock registered in his name on the books of the corporation on the date fixed by the trustees for closing the books for transfer of stock prior to any special or annual meeting; provided that the date of the closing of the books for the transfer of stock is not prior to the date notice of meeting is mailed to stockholders or more than 45 days prior to the date for which the meeting is called.

4

" 'Article III. Section 7. The board of trustees shall close the books for the transfer of stock for this corporation for a period of not exceeding 45 days preceding any meeting, annual or special, of the stockholders.

" 'Article III. Section 2. The annual meeting of the stockholders shall be held on the last Saturday of January, if not a legal holiday, and if a legal holiday, then on the next secular day following, at two p. m., of each year, when they shall elect by a majority vote a board of trustees, examine and consider the annual report of the board of trustees, and transact such other business as may properly be brought before the meeting.'

"That in conformity with the provisions of the by-laws of the corporation, the board of trustees of the defendant corporation, at a regular meeting of said board, attended by all the trustees, by resolution directed the books of the defendant corporation for the transfer of stock to be closed December 15, 1929, up to and including the time of the annual meeting of the stockholders as provided by the by-laws. That the books of said corporation were thus closed and were closed at the time of the presentation of the purported certificate referred to in the affidavit of relator, and that the defendant at the time of the presentation of said purported certificate notified relator of the provisions of the by-laws and of the closing of said books."

The trial court sustained the demurrer, and thereupon the relator filed an amended application for the writ in which he alleged, in addition to the matters contained in his original pleading:

"That the above named plaintiff is not familiar with the by-laws of said corporation, and does not know the contents thereof, and that heretofore and on the 14th day of January, 1930, and prior to the commencement of the above entitled action, the above named plaintiff made demand upon the above named defendants to read, inspect and examine the by-laws and for a copy thereof, and such demand was refused, and the above named plaintiff, not knowing what the by-laws are, can-

not comply with any provision there may be in the by-laws of said corporation under the certificate hereinbefore mentioned.''

A demurrer was interposed to the amended application, which demurrer was sustained, the relator thereupon elected to stand upon his amended application and a judgment of dismissal followed, from which he has appealed.

The only question now raised is as to the correctness of the ruling of the trial court in sustaining the demurrer to the amended application. The respondents seem to argue that, having disclosed by their answer and return to the original application what they contend to be the facts as to the by-laws of the corporation, even though no return was filed to the amended application, the appellant could not thereafter plead ignorance; and that the trial court, in ruling on the demurrer, was bound to take judicial notice of what the files in the cause disclosed. We cannot follow this argument. Had the same return been made to the amended application, appellant would have been entitled to take issue upon it, first, as to whether any by-law upon the subject had been properly and legally adopted; second, as to whether the by-law, if any had been adopted, was in language and terms as pleaded; and third, if in such terms, the appellant had the right to plead and prove, if he could, that, under existing conditions, such a by-law was so unreasonable as to be unenforceable and void. In other words, the return, if it is to be considered at all, presented a state of facts upon which appellant had a right to raise issues and present evidence.

It is true that the statute, Rem. Comp. Stat., § 3819, provides, in effect, that no transfer of capital stock of a corporation shall be valid, except as between the parties, until transferred on the books of the cor-

poration in such manner as the by-laws may provide; and subdivision 6 of § 3809, Rem. Comp. Stat., gives to corporations the power "To make by-laws not inconsistent with the laws of this state or the United States." But, even so, the statute recognizes that an ordinary transfer is good as between the parties, and, that being so, appellant, when he received a transfer from his predecessor in interest, obtained all of the rights of the transferor, among which was the right to be informed of the terms of any by-laws with which he must comply in order to obtain a complete legal transfer of the stock.

The seller, when he parted with his interest, presumably received the full consideration therefor and had no further duty to perform. By his transfer, he passed all of his rights to the purchaser, who became, in effect, his duly authorized attorney in fact for the purpose of completing the transfer. Hence, when the purchaser presented to the corporation the stock certificate duly indorsed to him, he thereby showed that he was the only person interested in obtaining the transfer, and was entitled, upon demand, to be informed of what was required of him for that purpose.

Therefore the amended application, on its face, shows an unperformed duty on the part of the respondents within the spirit and meaning of the law as declared in *Lacaff v. Dutch Miller Mining and Smelting Co.*, 31 Wash. 566, 72 Pac. 112, and the cases which follow it.

If unlawful or unreasonable restrictions were, by the by-laws, placed upon his right to obtain the transfer, he would be entitled, by appropriate action, to compel the transfer of the stock on the books of the company notwithstanding. *State ex rel. Howland v. Olympia Veneer Co.*, 138 Wash. 144, 244 Pac. 261.

We conclude that the demurrer should have been

overruled, the defendants required to answer, and the relator, in due course, have been permitted to take issue upon any or all of the allegations of the answer.

Reversed with directions to overrule the demurrer and to proceed in harmony with the views herein expressed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.