[No. 24545. Department One. July 25, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Carl E.
Lundberg, Plaintiff,* v. THE SUPERIOR COURT
FOR KING COUNTY *et al., Respondents.*[1]

[1]Reported in 24 P. (2d) 76.

*Battle, Hulbert & Helsell,* for relator.

*Frank R. Jeffrey, J. Sylvester Garvin,* and *Stewart M. Lombard,* for respondents.

BEALS, C. J.—Relator has applied to this court for a writ of certiorari for the purpose of reviewing an order of the superior court fixing the amount of a supersedeas bond to be filed by relator as appellant in the case of Hugo C. Lambach, Respondent, v. Carl E. Lundberg, Appellant. The trial court rendered judgment in favor of the plaintiff canceling certain contracts and directing that two certificates of stock held in escrow be turned over to the plaintiff, together with something over seventy-five hundred dollars in money also in the possession of the escrow holder. The plaintiff was also awarded a money judgment against this relator, as defendant, in a considerable sum, and other relief.

Relator, while appealing to this court from the entire judgment, and having filed a cost bond on appeal, desired to supersede so much of the judgment as directs the turning over of the stock certificates and the money in the possession of the escrow holder, and applied to the trial court for an order fixing the amount of a supersedeas. The trial court, being of the opinion that relator could not supersede part of the judgment only, fixed the amount of the supersedeas bond to be filed by relator in the sum of $52,500; whereupon relator instituted this proceeding to review the order above referred to, contending that the superior court erred in refusing to fix the amount of a supersedeas bond which would stay only so much of the judgment as directed the escrow holder (who is also a party de-

fendant to the action) to turn over to the plaintiff the stock certificates and cash held in escrow.

The procedure to be followed in filing a supersedeas bond is contained in Rem. Rev. Stat., § 1722. This section, *inter alia,* provides:

"If the bond is intended to stay proceedings on only a part of the judgment or order it shall be varied so as to secure the part stayed alone."

The judgment which relator is seeking to bring to this court for review is long, and embraces several distinct items. We are of the opinion that relator, as appellant in the case above referred to, is entitled to supersede that portion of the judgment concerning which he desires to stay proceedings, leaving the respondent in the action free to enforce the judgment in so far as it awards him other relief, including a money judgment against relator. The different portions of the judgment are clearly separate and distinct, and we are of the opinion that relator, against whom the judgment was rendered, is entitled to avail himself of the section of the statute above referred to, the portion of the section above quoted clearly contemplating, in a proper case, a stay of proceedings only on a part of the judgment sought to be reviewed.

This court, in the case of *State ex rel. Pioneer Mining & Ditch Co. v. Superior Court,* 108 Wash. 183, 183 Pac. 74, held that, when damage occasioned by delay on appeal could be met by a money award, a supersedeas should be allowed. It is clear that the case at bar falls within this doctrine, which, of course, covers only a portion of the question here presented.

In the case of *Greene v. Levinson,* 120 Wash. 111, 206 Pac. 956, it was held that one defendant, appealing separately from a judgment from which another defendant was also appealing, was entitled to supersede the judgment against it upon the filing of a bond in an

amount which would reasonably protect the respondent, the judgment being not, strictly speaking, as against the appellant last referred to, a judgment for the recovery of money, but one requiring the cancellation of stock certificates and the issuance of new ones.

In the case of *Lacaff v. Dutch Miller Mining & Smelting Co.*, 31 Wash. 566, 72 Pac. 112, this court, in denying a motion to dismiss the appeal, said:

"The respondent moves to dismiss this appeal because the bond on appeal is for $300, conditioned both as an appeal and as a supersedeas bond. The judgment is a money judgment for costs, and also a judgment for other relief. The court was not asked to fix, and did not fix, the amount of a bond to be given by appellant as a supersedeas of that part of the judgment which was for relief other than money. The bond given was for $300—$200 for an appeal bond, and $100 additional—being double the judgment for costs. This bond operated as a supersedeas upon the judgment for costs and as an appeal bond. It did not operate as a supersedeas upon the other parts of the judgment, and was not intended to do so. We think this bond was sufficient, under the statute, to give this court jurisdiction, and the motion is therefore denied."

It appears from this quotation that the court was of the opinion that a portion of the judgment had been superseded without the major portion thereof being stayed.

Respondents argue that this is not a proper case for the granting of a writ of review or certiorari. We are of the opinion that respondents' position on this phase of the case can not be maintained. The remedy by appeal from the order fixing the supersedeas bond is certainly inadequate, and, clearly, relator should be permitted to present the ruling of the trial court, as embodied in the order complained of, to this court for a speedy review. We hold that this is a proper case for review by way of a writ of certiorari.

This point being established, it must be held that the order of the superior court was erroneous. Relator is entitled to supersede the judgment of the trial court, in so far as the same directs the turning over of the money and stock certificates by the escrow holder, without superseding the remainder of the judgment which awards Mr. Lambach a recovery of money against relator and other relief.

The judgment, in so far as it directs the escrow holder to turn over money in the amount of over seventy-five hundred dollars held in escrow, is a judgment for the recovery of money, and should be superseded as such. Were this money in the custody of the court, a different question would be presented, and authorities cited by relator, to the effect that a judgment directing that money in *custodia legis* be turned over to a party to an action is not a judgment for the recovery of money and need not be so superseded, would be in point. Such, however, is not the case here.

In so far as the judgment requires the escrow holder to turn over certain certificates of stock, the trial court should determine the amount of the bond to be filed by relator in order to supersede that portion of the judgment.

Respondents having demurred to relator's petition and having argued the merits without raising any question as to the truth of the allegations therein contained, and the entire matter being before the court for decision, it is the judgment of this court that the order herein reviewed be reversed, with instructions to the trial court to proceed in accordance with this opinion.

HOLCOMB, MILLARD, BLAKE, and MITCHELL, JJ., concur.